(No. 48524.-

THE DEPARTMENT OF TRANSPORTATION, Appellant, v. WILLIAM SHAW *et al.,* Appellees.

*Opinion filed Oct. 5, 1977.—Rehearing denied Nov. 23, 1977.*

William J. Scott, Attorney General, of Springfield (Roy E. Frazier, Jr., Assistant Attorney General, of Springfield, and Ronald C. Mottaz, Special Assistant Attorney General, of Alton, of counsel), for appellant.

Wendell Durr, of Durr & Durr, of Edwardsville, for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, the Department of Transportation of the State of Illinois, appealed from the judgment of the circuit court of Madison County entered upon a jury verdict finding that the real estate of the defendants, William Shaw and Earlene Shaw, was reduced in value in the amount of $48,000 by reason of loss of access to a public road. Pursuant to section 9.8 of the Eminent Domain Act (Ill. Rev. Stat. 1973, ch. 47, par. 9.8) the circuit court awarded defendants attorney fees in the amount of $16,000. The appellate court reversed in part and re-manded (36 Ill. App. 3d 972), and we allowed petitioner's petition for leave to appeal. This is the third appeal arising from this controversy. In *Shaw v. Lorenz*, 42 Ill. 2d 246, defendants appealed from the order of the circuit court dismissing their action seeking to enjoin the Director of the Department of Public Works & Buildings "from taking, without prior condemnation proceedings, their alleged property right of access to U.S. Highway 66 by closing the township road at its intersection with that highway." (42 Ill. 2d 246, 247.) In affirming the order the court held that because a *mandamus* action could be brought to compel

the Department of Public Works & Buildings to institute eminent domain proceedings, defendants had an adequate remedy at law and the action for injunction was properly dismissed. Defendants made a written demand that the Department institute eminent domain proceedings and on its failure to do so, filed an action for *mandamus.* The circuit court ordered that a writ of *mandamus* issue directing the petitioner to "institute Eminent Domain proceedings for the taking of plaintiffs' property rights of access in and to the following described real estate [legal description of both tracts of land]." Petitioner's appeal from this order was dismissed on procedural grounds. *Shaw v. Kronst,* 9 Ill. App. 3d 807.

Defendants' real estate consists of two parcels of land divided by Route 157 (old U.S. Highway 66). A five-acre tract which lies north of Route 157 abuts neither Interstate 55 nor closed township road 123. A smaller (1.13 acre) tract lies south of Route 157 and abuts Interstate 55 on its southeast side, and township road 123 on its southwest side.

Prior to 1955, Route 157 was the only highway in the immediate area. In 1955 defendants' predecessors in title conveyed to the State one acre of land, adjoining the smaller tract, for the construction of new U.S. Highway 66. In 1962 the two parcels here involved were deeded to defendant Earlene Shaw. In 1963, in order to comply with the limited-access requirements of the Federal Interstate System, the Director of Public Works ordered township road 123 closed where it intersected with Interstate 55, and it was physically closed in 1967. Since then defendants have been required to travel either 2½ miles north, or one mile south, on Route 157, to gain access to Interstate 55. The evidence showed that since 1955 the five-acre tract had been used as farmland. The parties are in agreement that because of Madison County's zoning and setback requirements, the 1.13-acre tract cannot be used

for commercial development. Defendants' expert testified that prior to the closing of the township road the highest and best use of the five-acre tract was commercial and he envisioned that by reason of its frontage, visibility, proximity and access to Interstate 55 the 1.13-acre tract would be landscaped as a "show window" for the commercial development.

Petitioner contends that the case was tried on an erroneous theory and that because there is neither physical contiguity nor unity of use, no damages can be awarded in connection with the larger parcel of land. Defendants contend that by reason of the *mandamus* order, the appeal from which was dismissed, petitioner is collaterally estopped from raising the question whether the two parcels are to be valued as a single tract of land. They argue that although the smaller parcel was lying fallow, "in times past both tracts had been operated as a unified commercial venture" with a motel, tavern, filling station and rental cabins which made a unified use of both parcels. They cite the testimony of their expert witness that the smaller parcel "would be usable for commercial purposes as a show window for the larger portion."

We consider first the question whether the *mandamus* order directing petitioner to institute eminent domain proceedings collaterally estops it from now contending that the property consists of two separate tracts, and that only the injury to the smaller is compensable. In *People ex rel. Chicago & Eastern Illinois R.R. Co. v. Fleming,* 42 Ill. 2d 231, 235, the court said: "To operate as an estoppel by verdict it is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such

348

estoppel. If there is any uncertainty on the point that more than one distinct issue of fact is presented to the court the estoppel will not be applied, for the reason that the court may have decided upon one of the other issues of fact. [Citations.] " The only issue required to be adjudicated in the *mandamus* action was whether there had been a physical change to and material impairment of defendants' access to township road 123, and petitioner is not collaterally estopped, by reason of that order, from contesting any other issue.

We consider next the question whether the circuit and appellate courts correctly admitted proof of value and damages which treated defendants' property as a single parcel. In *City of Chicago v. Equitable Life Assurance Society,* 8 Ill. 2d 341, which involved two parcels separated by an alley, it was held that absent contiguity or present unity of use the taking of one parcel would not support an award for damages to the other. Concerning proof of intended future use, the court said: "It is elementary that a mere intention on the part of the owner to put properties to a common use is not sufficient to allow a cross petition in a condemnation action, but such properties must be considered as they existed at the time the proceedings were commenced." 8 Ill. 2d 341, 348.

It is undisputed that any unified use of the two parcels terminated prior to their acquisition by these defendants and that under their ownership there was neither contiguity nor unity of use. The parcels were physically separated by Route 157, and when township road 123 was closed there was no change in the access from the larger tract to Route 157. In *Department of Public Works & Buildings v. Wilson & Co.,* 62 Ill. 2d 131, in which it was held that the closing of a public road contiguous to property might be compensable and that a nonabutting landowner might suffer substantial loss which is not compensable, the court said: "The decisions thus

indicate that the 'right of access' with which we are here concerned is a private property right inherent in ownership of real estate abutting a highway. When such access is taken or materially impaired by action of the State the property owner is entitled to compensation. If, however, there is no physical disturbance of the right of access *vis-a-vis* the abutting highway, then any damages which may result to the property owner as a consequence of a change in the use of the highway by the public are *damnum absque injuria* even though such damages may be very substantial. This distinction can be illustrated by a rather common situation which occurs when a limited-access highway is constructed in a new location leaving a property owner's place of business still fronting as it was before on the old highway which has become a secondary road or access road for the new highway. In such a case there can be no question that serious economic conse-quences may result to the property owner, and it is quite possible that the highest and best use of his property would be changed. However, the fact remains that the existing access to the abutting roadway is unaffected. It is only the nature of the public's use of the highway which has changed. The consequential damages which occur do not result from any taking or material impairment of existing access rights but solely from the State's exercise of its police power to regulate and control traffic on the highways." (62 Ill. 2d 131, 140-41.) Defendants' damages, if any, are limited to those suffered by reason of loss of access to the 1.13-acre tract caused by the closing of township road 123, and the appellate and circuit courts erred in holding that the real estate was to be valued as a single unit.

We consider next petitioner's contention that the circuit court misconstrued section 9.8 of the Eminent Domain Act and erred in allowing attorney fees to defendants, and that the appellate court erred in affirming

that portion of the judgment. Section 9.8 provides that where the condemning authority "is required by a court to initiate condemnation proceedings for the actual physical taking of real property," the court rendering judgment for the property owner and awarding just compensation for such taking shall determine and award to such property owner, *inter alia,* reasonable attorney fees. (Ill. Rev. Stat. 1973, ch. 47, par. 9.8.) Petitioner contends that section 9.8 did not become effective until July 1, 1972, subsequent to the issuance of the *mandamus* order directing the filing of the condemnation proceeding, and that absent clear and unambiguous language to the contrary the statute should operate prospectively, and not retroactively. It contends further that because there was here no "actual physical taking of real property" the statute does not apply. It argues that in any event the attorney fee awarded should be limited to compensation for services in the *mandamus* proceeding.

We consider first the question whether the statute applies here and hold that because it was in effect when the circuit court rendered judgment for the defendant property owners, the court was authorized to allow them an attorney fee. "The cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature in enacting the law." (*Electrical Contractors Association of City of Chicago, Inc. v. Illinois Building Authority,* 33 Ill. 2d 587, 591-92.) Upon application of this rule we hold that even though defendants' claim arises from loss of access to the township road and the alleged consequential damage to their land and involved no "actual physical taking of real property," the statute applies. In the cases in which landowners have sought *mandamus* no land was taken (see *People ex rel. Haynes v. Rosenstone,* 16 Ill. 2d 513; *People ex rel. First National Bank v. Kingery,* 369 Ill. 289), and we assume that the

purpose of enacting section 9.8 was to provide the landowner an appropriate remedy when the condemning authority had failed to act. The statute provides for reimbursement to the property owner of his costs, disbursements and expenses "in such proceedings," and we find no basis to hold that the General Assembly intended that the award of attorney fees be limited to fees for services rendered only in the *mandamus* proceeding. We do not consider the question whether the fee awarded is unreasonable, and hold that because of the reversal of the judgment it must be vacated, and that the matter of allowance of an attorney fee should be considered by the circuit court at the time of the entry of judgment following retrial.

Because this cause is remanded for a new trial we consider another question with which the appellate court dealt in its opinion. The circuit court held that the valuation date of the real estate was July 31, 1973, the date of the filing of the petition for eminent domain. The appellate court, pointing out the inequities which could result from the use of another valuation date, determined that the proper valuation date was May 2, 1969, the date on which defendants made written demand that petitioner institute the eminent domain action. We are of the opinion that in this case, where there was no actual taking of land, and the damage suffered resulted solely from the elimination of direct access to the public road, the proper valuation date is the date of the physical closing of township road 123.

For the reasons stated the judgment of the appellate court is affirmed in part and reversed in part and the cause is remanded to the circuit court of Madison County for proceedings consistent with this opinion.

*Affirmed in part and reversed*
*in part and remanded.*