THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PAMELA STILES, Defendant-Appellant.

Second District    No. 79-662

Opinion filed May 29, 1981.—Rehearing denied May 29, 1981.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Pamela Stiles, together with a co-defendant, was charged with armed robbery of a restaurant in Westmont, Illinois. (Ill. Rev. Stat. 1977, ch. 38, par. 18—2(a).) After the Circuit Court of Du Page County refused to hold an evidentiary hearing on defendant's motion to quash arrest and suppress evidence, defendant waived trial by jury and was found guilty. From this verdict, defendant appeals.

The sole issue presented on review is whether the trial court erred in denying defendant an evidentiary hearing on her motion to quash arrest and suppress evidence, where defendant had previously litigated the same motion in a separate trial.

On September 10, 1977, Pamela Stiles and co-defendant Douglas Wall were arrested by police officers in Carol Stream, Illinois. Following their arrest, the defendants gave inculpatory statements to police who had been summoned to Carol Stream from the villages of Westmont and Riverside. On the basis of these statements, defendants were charged with an armed robbery which occurred on August 31, 1977, in Westmont,

Du Page County, and another armed robbery on September 9, 1977, in Riverside, Cook County.

Defendants were first tried in Cook County. Prior to trial, a hearing was held on defendants' motion to quash the arrest and suppress evidence. Defendant Stiles (the sole appellant here) was represented by John Klich. At the hearing, Klich admitted that he had been unable to pursue any discovery in the case, and was reading the police reports for the first time as he questioned the witnesses. The only witnesses called on defendants' behalf were officers of the Riverside police force. Those officers of the Carol Stream police department who initially made the arrest were not called, apparently because defense counsel was under the misapprehension that the State had to produce such officers in order to meet its burden of establishing probable cause. The court offered to allow defense counsel to withdraw his motion to quash until such time as the Carol Stream police officers could be subpoenaed. Inexplicably, defense counsel chose to proceed on the motion without them.

Testimony by the State's witnesses established that on the night of September 9, 1977, Officer Robert Gordon of the Riverside police department answered a call regarding a suspicious looking green Chevrolet parked on a residential street in Riverside. In the car, the officer found a Doberman pinscher and a cat, but no driver. The car was ticketed for being parked in violation of a village ordinance. The officer then answered another call concerning the robbery of a local Arthur Treacher's restaurant located one-half block from the parked car. When he returned to the site after investigating the robbery, the car was gone.

Chris Baker, assistant manager at Arthur Treacher's, testified that two people, a man and a woman with silk stockings covering their faces, held up the restaurant shortly after it closed on the night of September 9, 1977, and made off with more than $1,750 in cash. No one at the restaurant saw the robbers leave, nor did they see the vehicle in which the robbers fled.

Finally, the testimony of the Westmont policeman who took the confession of defendants after they were arrested in Carol Stream was received in evidence.

The court found probable cause to arrest, and denied defendant's motion to quash the arrest and suppress evidence. Defendants then entered a guilty plea and were sentenced to a term of 4 to 8 years' imprisonment.

As for the Du Page County offense, defendant was originally charged by complaint on September 12, 1977. An information for the offense was filed on January 31, 1978. Defendant's motion to suppress statements was denied after a hearing. At that time, defendant was still represented by John Klich.

On June 16, 1978, Klich was replaced as defense counsel by John Donahue, who filed a motion to quash arrest and suppress evidence. At the hearing on this motion, the State's Attorney argued that the defendants were not entitled to a hearing in Du Page County on their motion since they had received a hearing on the same issue in Cook County, where they had lost. The State's Attorney alleged that the defendants were arrested by the Carol Stream police for two separate incidents, but that since the same issue, *i.e.*, the legality of the defendants' arrest by Carol Stream police officers, was involved in both cases, the defendants were not entitled to relitigate on the same motion.

After receiving memoranda of law from both parties, the trial court denied defendants a hearing in Du Page County on their motion to quash arrest, ruling that defendants were entitled to only one such hearing. Defendants pleaded not guilty, and a bench trial followed.

It was at this second trial that the arresting officer, James Petrick of the Carol Stream police department, first testified. Petrick stated that he had initially encountered defendants on September 9, 1977, when he answered a complaint from the manager of an apartment complex in Carol Stream that a green Chevrolet had been parked at the complex with a cat and Doberman pinscher locked inside. In addition, the manager said he had reason to believe that the owners of the car were staying with one of the tenants, which was not permitted under the terms of the lease. Petrick spoke with co-defendant Wall about the complaint outside the apartment complex, and then left.

The next day, however, Officer Petrick heard at the police station that the green car with the dog and cat had been observed near the scene of a robbery the night before in Riverside. Petrick testified that the only information he had received at the station was a description of the car and its resident animals. He had been given no information concerning the driver of the vehicle, nor had he been provided with a description of the robbery suspects.

With only this information, and without a warrant, Petrick and two other officers returned to the apartment complex and arrested the defendants. They were then taken to the Carol Stream police station where, after being read their *Miranda* warnings, they confessed to the robberies. The car was searched for evidence, and the robbery weapon, a beebee gun, was recovered from a friend of defendants. These items were later used at trial.

Defendants were found guilty of the second armed robbery on November 20, 1978, and sentenced to a term of 4 to 8 years' imprisonment.

Both parties agree that the leading case in this area is *People v. Hopkins* (1972), 52 Ill. 2d 1, 284 N.E.2d 283. Defendant there was con-

victed of attempted rape. On appeal, he argued that the trial court erred in refusing to conduct a hearing on his motion to suppress physical evidence, even though a similar motion on an unrelated charge involving the same evidence had previously been decided adversely to him. The supreme court noted that the doctrine of collateral estoppel was of limited utility in criminal cases. It then observed:

> "Moreover, a defendant, unlike the prosecution, is not allowed an immediate appeal from an adverse ruling upon a motion to suppress. He cannot review that ruling until after he has been convicted and sentenced. And for a variety of reasons he might not wish to appeal, or as in the case of an acquittal at the first trial, he might not be able to do so. But there has been no suggestion in this case that any of these situations existed, or that any evidence in addition to that submitted upon the first hearing had become available for submission in connection with the motion to suppress in the present case." 52 Ill. 2d 1, 4, 284 N.E.2d 283, 284-85.

*Hopkins* therefore suggests that in order to be given a second hearing, the defendant's access to a reviewing forum must, "for a variety of reasons," have been limited, or that evidence in addition to that submitted at the first hearing must since have become available.

■■ In *People v. Holland* (1974), 56 Ill. 2d 318, 307 N.E.2d 380, the supreme court reiterated this rule in slightly different terms. To be entitled to a second suppression hearing, defendant must make an offer of proof that there is either additional evidence not available at the first hearing, or "exceptional circumstances" which would justify relitigation. (56 Ill. 2d 318, 321, 307 N.E.2d 380, 381.) In *People v. Mordican* (1976), 64 Ill. 2d 257, 356 N.E.2d 71, the court ruled that defendant's acquittal on an armed robbery charge was a "peculiar circumstance" which allowed him to relitigate a motion to suppress evidence in a subsequent prosecution for unlawful use of a weapon. The court reasoned that because of his acquittal, the defendant had no opportunity to obtain a review of the propriety of the ruling on the motion entered in his earlier trial. To have denied defendant another hearing, as the State urged, "would be to insulate from review a trial court ruling admitting evidence without which, in many cases, the trial might end in acquittal." (64 Ill. 2d 257, 262, 356 N.E.2d 71, 74.) It is noteworthy that in *Mordican*, the preclusion of defendant from access to a reviewing forum as a result of his acquittal was by itself sufficient to entitle him to a second suppression hearing on a separate charge, even in the absence of any claim of additional evidence.

■■ ■ In the present case, defendant's guilty plea in the first action in Cook County precluded review of the court's denial of defendant's initial motion to suppress just as surely as the acquittal mentioned in *Hopkins* and *Mordican*. It is well settled that a voluntary guilty plea waives all

errors, defects and irregularities which are not jurisdictional, including constitutional errors. (*People v. Curvin* (1980), 81 Ill. App. 3d 481, 401 N.E.2d 575.) The State would have us go further, however, arguing that the guilty plea should not only prevent review of defendant's motion to quash arrest and suppress evidence on the Cook County charge for which she pleaded guilty, but must also preclude relitigation of the motion in the separate action in Du Page County where she pleaded not guilty. Clearly, this contention finds no support in the waiver doctrine itself. In *Brown v. Scott* (N.D. Ill. 1978), 462 F. Supp. 518, *rev'd on other grounds* (7th Cir. 1979), 602 F.2d 791, an action for declaratory judgment that a State statute was unconstitutional, plaintiffs had on a prior occasion been arrested and pleaded guilty to charges that they had violated the challenged statute. In the subsequent action for declaratory relief, the court observed:

> "A guilty plea operates to waive a constitutional challenge to the statute only for the proceeding in which the plea is entered. Thus, a person who has pleaded guilty may not assert such constitutional infirmities on appeal or by way of collateral review. Pleading guilty and waiving constitutional infirmities in one suit, however, does not waive those same constitutional infirmities in a second, entirely distinct suit." 462 F. Supp. 518, 520.

Despite the inapplicability of the waiver doctrine to another, distinct suit, the State contends that because the entry of a guilty plea, unlike the acquittal in *Mordican,* is "an action within defendant's control," the general rule barring relitigation of suppression motions must be applied. However, the basis of the exception allowing relitigation of the motion has nothing to do with the nature of a defendant's plea except as it affects the ability of a defendant to seek review of the initial ruling. Whether it is because the defendant cannot appeal the first denial of his motion because he is acquitted in that action (*Mordican*), or because, as here, a guilty plea precludes appeal, the result is the same: the ruling is insulated from review. It is that result which *Hopkins* and *Mordican* seek to avoid by permitting relitigation should the motion be made in a second, distinct suit.

Alternatively, the State argues that, at least where no new evidence is alleged, the court in a subsequent action may decide the defendant's motion on the basis of the record from the hearing in the prior action, and need not conduct a full evidentiary hearing anew. Since the transcript of the suppression hearing in Cook County was before the trial court here, the State contends that it was unnecessary to conduct a new hearing. But even if we accept the State's procedural argument (see, *e.g., Mordican,* 64 Ill. 2d 257, 263, 356 N.E.2d 71, 74), we must disagree with its conclusion. ■■ The record of the first hearing discloses that defendant was not adequately represented. It is fundamental that a defendant is entitled to a full

and fair hearing on her motion to suppress. (*People v. Robinson* (1970), 46 Ill. 2d 229, 263 N.E.2d 57.) Equally fundamental is that a defendant in a felony case has the right to effective assistance of counsel. (*People v. Goerger* (1972), 52 Ill. 2d 403, 288 N.E.2d 416; *People v. Coss* (1977), 45 Ill. App. 3d 539, 359 N.E.2d 1172.) Although the State has suggested, with some obscurity, that defense counsel's decision at the first hearing to proceed without the only witness who could possibly have provided evidence in support of defendant's motion was a deliberate "tactic," there is no basis for this allegation to be found in the record, nor does it make sense. Rather, it seems clear to us that counsel's lack of discovery and preparation, compounded by his misapprehension of the law, in fact denied the defendant that effective assistance of counsel to which she is entitled. Having had no opportunity, as a result of her counsel's lack of preparation, to question the arresting officers, defendant was in effect denied a full and fair hearing on the existence of probable cause to arrest.

We believe that this omission was plainly before the Du Page County trial court in the transcript of the Cook County hearing, and was sufficient to entitle defendant to a new evidentiary hearing. Although the State maintains that the trial court would have permitted such a hearing had defendant made an offer of proof giving "tangible assurance that the relitigation would present a question of substance," and denied the motion only upon defendant's failure to do so, we do not find that to be the case. The trial court's order would have allowed a second hearing only upon condition that defendant could show "some evidence which was *not available* at the prior hearing * * *." (Emphasis added.) The testimony of the arresting officers was certainly available at the time of the first hearing, but was not produced because of the incompetence of defense counsel. It should have been allowed here.

██ Finally, the State contends that even if a full evidentiary hearing would show that there was no probable cause to arrest, the error was harmless since the defendants took the stand at trial and admitted their participation in the crime. The additional evidence provided by admission of their inculpatory statements, which they had moved to suppress, could not therefore have affected the verdict. However, the burden is on the State to prove that its use of wrongfully obtained evidence did not induce the defendants to testify. (*Harrison v. United States* (1968), 392 U.S. 219, 20 L. Ed. 2d 1047, 88 S. Ct. 2008; *People v. Wilson* (1975), 60 Ill. 2d 235, 326 N.E.2d 378.) The State here has made no attempt to assume this burden.

We therefore hold that the facts of this case constitute an exceptional circumstance within the rule of *Hopkins* and its progeny. Accordingly, we order that the judgment of conviction and sentence be vacated and the cause remanded with directions that the trial court conduct an evidentiary

hearing of defendant's motion to quash arrest and suppress evidence. If that motion is denied the trial court will reinstate the judgment and sentence; if it is granted the court will give defendant a new trial.

Vacated and remanded with instructions.

NASH and VAN DEUSEN, JJ., concur.