**Rudolph L. LUCIEN, Plaintiff,**

v.

**Robert C. ROEGNER and Lewis E. Stonehouse, Defendants.**

**No. 81 C 6264.**

United States District Court, N.D. Illinois, E.D.

Nov. 8, 1983.

George C. Rabens, Rabens, Formusa & Glassman, Ltd., Chicago, Ill., for plaintiff.

James R. Schirott, John T. Elsner, Schirott & Elsner, Itasca, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Rudolph L. Lucien ("Lucien") brings this 42 U.S.C. § 1983 ("Section 1983") action against DuPage County police officers Robert C. Roegner ("Roegner") and Lewis E. Stonehouse ("Stonehouse"), charging them with an allegedly unlawful search and seizure of Lucien's apartment. This Court's April 13, 1982 memorandum opinion and order (the "Opinion") granted defendants summary judgment on Complaint ¶ 1. Now Lucien's remaining claims are at issue: [1]

    1.  Both sides have moved for summary judgment on Complaint ¶ 2.

    2.  Defendants have also moved for summary judgment on Complaint ¶ 3,

---

1. In May 1983 Lucien, a prolific litigant before this Court, had asked the highly competent counsel appointed by this Court to withdraw, preferring to go it alone. All Lucien's own filings reflected substantial familiarity with legal procedures and the use of precedents (either the result of his own experience or perhaps reflecting assistance from some other "jailhouse lawyer"). However, when the issues were posed in potentially dispositive form by the summary judgment motions, this Court emphasized (con-sistently with principles announced by our Court of Appeals) the significance of that stage of the proceedings (see Appendix A). Lucien then reversed his field, asking appointment of another lawyer. That was done, and George Rabens, Esq. of this District Court's trial bar has acted in that capacity for final disposition of the current motions. This Court extends its thanks to Mr. Rabens for his services on Lucien's behalf.

while Lucien asks for voluntary dismissal of that Paragraph.

For the reasons stated in this memorandum opinion and order, Lucien's motions are denied and defendants' are granted.

### Facts

Lucien was convicted in Illinois state court on a rape charge. This action arises out of defendants' December 13, 1979 search of Lucien's apartment where the rape took place. Lucien's Complaint alleged three defects in that search:

1. Roegner falsely told the magistrate issuing the warrant that the victim left her purse in Lucien's apartment (Complaint ¶ 1).[2]

2. Roegner, Stonehouse and other DuPage County police officers seized items not named in the search warrant, a seizure not authorized by any exception to the warrant requirement (Complaint ¶ 2).[3]

3. Roegner and Stonehouse planted two items of evidence in Lucien's apartment (Complaint ¶ 3).

All items seized by defendants were used in evidence against Lucien in his state court trial after his unsuccessful motion to suppress under Ill.Rev.Stat. ch. 38, § 114-12 ("Section 114-12"). Lucien seeks return of the items seized, together with compensatory and punitive damages of $1 million from each defendant.

### Complaint ¶ 2

■ Defendants contend Lucien is estopped from relitigating his Complaint ¶ 2 allegations because he had a full and fair hearing on the same issues via his state court motion to suppress. Collateral estoppel does apply to such Fourth Amendment[4]

claims later asserted in Section 1983 actions. *Allen v. McCurry*, 449 U.S. 90, 96–105, 101 S.Ct. 411, 415–420, 66 L.Ed.2d 308 (1980); *Blake v. Katter*, 693 F.2d 677, 682 (7th Cir.1982); *Reineman v. Valley View Community School District No. 356–U*, 527 F.Supp. 661, 664 (N.D.Ill.1981). But the inquiry does not end there, for collateral estoppel principles must be applied in light of the considerations identified in *Crowder v. Lash*, 687 F.2d 996, 1010 (7th Cir.1982):

> In order to determine when a party may appropriately be precluded from relitigating an issue decided adversely to it in an earlier proceeding, a court must examine whether the issue on which collateral estoppel is asserted is identical to that determined in the prior action; whether the controlling facts or legal principles have changed significantly since the prior judgment; and whether any special circumstances exist which would render preclusion inappropriate or unfair.

Unquestionably the issues raised in the suppression hearing are identical to those presented here. Section 114–12 is the procedural mechanism for raising a defendant's Fourth Amendment claims in state criminal proceedings. *People v. Van de Rostyne*, 63 Ill.2d 364, 367, 349 N.E.2d 16, 18 (1976). Lucien's trial attorney advanced the same constitutional arguments in support of the motion to suppress (Tr. 41–44) as are asserted here, and the state court actually and necessarily determined the issue adversely to Lucien by its denial of the motion to suppress. No change in law or fact has occurred since the state court suppression hearing.

■ Nonetheless Lucien argues a "special circumstance" allows him to relitigate

---

**2.** This claim was rejected in the Opinion because the alleged falsehood (a doubtful claim in any case) was trivial in relation to the other unquestionably accurate statements in the affidavit, all of which amply supported the magistrate's finding of probable cause to search.

**3.** In Lucien's criminal trial, seizure of the items was held proper under the "plain view" exception to the warrant requirement (Tr. 44).

**4.** Though Lucien's state action claims are necessarily based on the Fourteenth Amendment, this opinion follows conventional usage by referring directly to the underlying Bill of Rights provisions deemed incorporated by that Amendment.

his Fourth Amendment claim here: He alleges denial of a full and fair opportunity to litigate his claim in the state suppression hearing because of ineffective assistance of counsel and because of Stonehouse's alleged perjury at such hearing. Lucien raised that argument (but offered no supporting evidence at all) in his August 8, 1983 reply to defendants' summary judgment motion.[5]

This Court has independently reviewed the transcript of the state suppression hearing and upholds defendants' contention Lucien was indeed accorded a full and fair opportunity to litigate his Fourth Amendment claim in the state court. His counsel there made the proper arguments, and the state court applied the correct body of case law.[6] Nothing in the evidence before this Court suggests Stonehouse perjured himself in his testimony at the suppression hearing. Moreover, all that is required is the full and fair *opportunity* to litigate the issue, and perjury by a witness is something Lucien's counsel had every *opportunity* to expose during the suppression hearing by accepted methods of cross-examination, impeachment and presenting other testimony. *Cf. Pinto Trucking Service, Inc. v. Motor Dispatch, Inc.,* 649 F.2d 530, 533 (7th Cir.1981).[7]

■ Accordingly Lucien's assertion he did not have a full and fair opportunity to litigate his Fourth Amendment claim is without merit. Lucien is collaterally estopped from relitigating the Complaint ¶ 2 allegations.[8]

5. This Court's appointment of new counsel for Lucien (see n. 1) was made after the August 8 reply had been filed. Counsel communicated with Lucien about the case and filed a supplemental memorandum September 28, but the added submission again presented no evidence on the issue of full and fair opportunity to litigate in state court.

6. Consistently with collateral estoppel principles, this opinion of course expresses no judgment as to the correctness of the state court decision.

7. See also *In re Luer's Estate,* 348 Ill.App. 324, 330–31, 108 N.E.2d 792, 794 (4th Dist.1952) for the analogous state law doctrine that judgments

*Complaint ¶ 3*

Defendants have supported their motion for summary judgment with affidavits by both Roegner and Stonehouse stating they did not place any items in Lucien's apartment (Roegner Aff. ¶ 3, Stonehouse Aff. ¶ 3). Lucien has tendered no evidence whatever in opposition to those affidavits, instead having (a few days before defendants' motion) moved for a voluntary dismissal of Complaint ¶ 3.

■ Once a party moves for summary judgment with proper support, the nonmovant must set forth specific facts (not merely allegations) that show a genuine issue of material fact. *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.1983). Lucien, despite ample opportunity to respond to defendants' affidavits, has not done so. Defendants (having disproved the charge by uncontroverted affidavits) are entitled to be relieved of the prospect Lucien might put them to the trouble and expense of defending the same unfounded claim if the spirit were to move him to refile in the future.

*Conclusion*

There is no genuine issue as to any material fact as to either Complaint ¶ 2 or ¶ 3, and defendants are entitled to a judgment on each as a matter of law. Lucien's motions for summary judgment on Complaint ¶ 2 and for voluntary dismissal of Com-

cannot be collaterally attacked for "intrinsic fraud" (perjury).

8. Lucien's new counsel adduces authority supporting Lucien's request for return of non-contraband items that were seized (see, e.g., *United States v. Hubbard,* 650 F.2d 293, 303 (D.C.Cir. 1980)). But Section 1983 is not the proper vehicle for that request when no constitutional rights have been violated. In addition the police officer defendants here were only involved in the seizure—not the retention—of the property, hence could not be the proper targets of an order for its return in any case.

plaint ¶ 3 are denied. Defendants' summary judgment motions are granted as to both Complaint ¶ 2 and ¶ 3. This entire action is dismissed with prejudice.[9]

## APPENDIX A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

CHAMBERS OF
MILTON I. SHADUR
JUDGE

CHICAGO, ILLINOIS 60604

August 12, 1983

Mr. Rudolph Lucien
# A–76089
Box 99
Pontiac, Illinois 61764

Dear Mr. Lucien:

As you know, your civil rights lawsuit, *Lucien v. Roegner*, No. 81 C 6264, is now pending before this Court. Although this Court has advised you a lawyer could be provided for you from the trial bar list this District Court maintains, you have stated you want to proceed on your own behalf without a lawyer. Cross motions for summary judgment have been filed in that suit, and this letter is to inform you of the principles governing summary judgment practice in federal court.

Motions for summary judgment ask to have a suit decided without a full-scale trial, based on evidence presented in affidavits and documents submitted to the court by the party filing such a motion. Unless the party opposing a summary judgment motion responds with affidavits and documentary evidence of his own—and not merely an argumentative memorandum—only the other side's evidence will be before the court. Thus failure to respond with *evidence* is the equivalent of failing to present evidence at trial.

Under Rule 56(e) of the Federal Rules of Civil Procedure, a copy of which is enclosed, you may not simply rest on the allegations of your court complaint to answer a motion for summary judgment. Under the same Rule, if you have not submitted affidavits or documentary evidence, this Court may accept the facts declared in the defendants' affidavits and documents as true and (if those facts justify a decision in defendants' favor) enter summary judgment against you. In that case you will have lost your suit against the moving defendants.

In your case, because you have already filed your own motion for summary judgment, any affidavits or documentary evidence that you may have submitted in support of your own motion will of course be considered in connection with the defendants' motion.

In light of this letter of explanation you are given added time to September 2, 1983 to file with this Court and serve upon opposing counsel any evidence you wish to offer in support of your summary judgment motion or in opposition to defendants'. That means any papers you submit must be here in court (not simply in the mail) by September 2. They should be addressed:

Honorable Milton I. Shadur
United States District Court
219 South Dearborn Street—# 2356
Chicago, Illinois 60604

This Court will rule on all pending motions by mail.

9. Because there are no triable issues of fact, this order moots Lucien's late-filed motion for a jury trial.

Sincerely,

Milton I. Shadur

MIS:wb

cc: John T. Elsner, Esq.
105 East Irving Park Road
Itasca, Illinois 60187