Donnie STEVENSON, Plaintiff,

v.

CITY OF CHICAGO, et al., Defendants.

No. 85 C 4397.

United States District Court,
N.D. Illinois, E.D.

June 12, 1986.

Donnie Stevenson, pro se.

Zaldwaynaka Scott, Herbert L. Caplan, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

Plaintiff Donnie Stevenson brings this complaint pursuant to 42 U.S.C. § 1983 seeking damages for the alleged violation of his Fourth Amendment rights as applied to the States under the Fourteenth Amendment. Before the Court are the City of Chicago's motion to dismiss, and the summary judgment motion and motion for protective order of James Antonacci and Angelo Rinchiuso, two Chicago Police Department detectives.

Stevenson is a prisoner at the Pontiac Correctional Center serving an eleven year sentence for attempt murder. Police arrested Stevenson on two occasions in connection with the attempt murder charges, on April 6, 1983 and again on May 2, 1983. Stevenson asserts that both arrests were without probable cause.

According to the complaint, Stevenson met with his probation officer on April 6, 1983. He gave the officer a card that police had left with his sister. The probation officer, apparently with Stevenson's consent, called the police to determine if they had a warrant for Stevenson's arrest. The police told the probation officer that they just wanted Stevenson for questioning. Sometime around 2:00 o'clock in the afternoon, four detectives from the Gang Crime Division picked up Stevenson and his common law wife, Annette Howard, and took them back to the police station. The police allegedly charged Stevenson with aggravated battery and placed him in a lockup. One of the arresting officers told Stevenson that the police had nothing on him and would release him after he saw Antonacci. Later that night after Howard had gone home, an assistant state's attorney questioned Stevenson about a shooting incident that took place several weeks earlier. Police kept Stevenson in custody following the interrogation. He talked to the state's attorney again on April 9, 1983. After

talking with the prosecutor for the second time, Stevenson was released without charges.

On May 2, 1983, Antonacci and Rinchiuso again arrested Stevenson for his alleged involvement in the same shooting incident that led to his first arrest. The detectives did not have a warrant when they arrested Stevenson. Stevenson was shooting pool in a pool hall at the time of his arrest. The detectives took a statement from Stevenson shortly after his arrest. On May 12, 1983, a grand jury indicted Stevenson.

Before trial, Stevenson's counsel filed a motion to suppress evidence gained as a result of Stevenson's arrest. The motion asserted that both arrests violated Stevenson's rights under the Fourth Amendment. After a full hearing, the trial judge denied the motion finding that police had probable cause to arrest him on May 2, 1983. Found guilty on a bench trial, Stevenson appealed his conviction.

■ The City of Chicago moves to dismiss the complaint as against it contending the complaint is wholly devoid of any allegations that would support a finding of municipal liability. It is well settled that municipal liability under 42 U.S.C. § 1983 must be premised on constitutional violations caused by official municipal policies, customs or practices rather than by individual acts of municipal employees. *Monell v. Department of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). Stevenson does not attribute his allegedly false arrests to any municipal policy or custom. Indeed, as the City of Chicago points out, the amended complaint contains absolutely no allegations against it as a municipal entity. Accordingly, the Court grants the City of Chicago's motion to dismiss for failure to state a claim upon which relief may be granted.

Antonacci and Rinchiuso move for summary judgment on the grounds that the state court's finding of probable cause for the arrests during the pretrial proceedings on Stevenson's motion to suppress estops

him from litigating his false arrest claims under Section 1983. In support of their motion, the detectives rely on the transcript of proceedings on the motion to suppress as well as other state court records.

■ Under 28 U.S.C. § 1738, federal courts must afford full faith and credit to state judicial proceedings. Thus, as the Supreme Court first recognized in *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), federal courts entertaining civil rights complaints under Section 1983 must give collateral estoppel or issue preclusive effect to state court judgments. *See Brown v. Green*, 738 F.2d 202, 205 (7th Cir.1984). In determining whether a prior state court judgment bars litigation of a Section 1983 claim, the federal court must apply the state court's preclusion rules. *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983); *Mandarino v. Pollard*, 718 F.2d 845, 848 (7th Cir. 1983), *cert. denied*, 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984).

Under Illinois law, the doctrine of collateral estoppel, or estoppel by verdict as some Illinois courts refer to it, applies when:

> ... a party or someone in privity with a party participates in two separate and consecutive cases arising on *different* causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against the party in the former suit by a court of competent jurisdiction. The adjudication of the fact or question in the first cause will, if properly presented, be conclusive of the same question in the later suit, but the judgment in the first suit operates as an estoppel only as to the point or question *actually litigated* and determined and not as to other matters which might have been litigated and determined.

*Telegram Savings & Loan Association v. Schilling*, 105 Ill.2d 166, 178, 85 Ill.Dec. 322, 473 N.E.2d 959, 962 (1984), *cert. denied*, —— U.S. ——, 106 S.Ct. 829, 88 L.Ed.2d 801 (1986) (emphasis in original). At least one judge of this Court has applied

general rules of collateral estoppel to preclude a civil rights plaintiff from litigating in a civil rights action what had already been decided on a motion to suppress in a prior state criminal proceeding. *Lucien v. Roegner*, 574 F.Supp. 118 (N.D.Ill.1983). But *Lucien*, like defendants' brief, failed to analyze the collateral estoppel question in terms of Illinois case law.

In *Brown v. Green, supra*, the Seventh Circuit recognized that, in Illinois courts, evidence of a felony conviction is not admissible in a civil suit as conclusive evidence of the facts upon which the conviction is based. The limited preclusive effect Illinois accords the fact of conviction is an apparent recognition of the difficulty in some cases of determining exactly what facts were necessary to establish the conviction. *See generally Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951). Unlike a conviction, however, a motion to suppress generally turns on a single discrete issue, i.e. whether there was probable cause for the challenged search or arrest. As far as this Court's research discloses, no Illinois court has decided whether collateral estoppel applies in a civil action to bar relitigation of an issue previously decided in a pretrial suppression hearing. This Court must therefore determine how Illinois courts would decide the question. *See Bowen v. United States*, 570 F.2d 1311, 1320 (7th Cir.1970).

■ The purpose of the doctrines of *res judicata* and collateral estoppel, as defined by the Illinois courts, is "to protect litigants from the burden of retrying an identical·cause of action or issue with the same party or privy, and to enhance judicial economy by prohibiting repetitive litigation." *Spiller v. Continental Tube Co.*, 95 Ill.2d 423, 432, 69 Ill.Dec. 399, 404, 447 N.E.2d 834, 838 (1983). To effectuate the policy underlying the collateral estoppel doctrine, Illinois courts have permitted use of issue preclusion in criminal proceedings to bar relitigation of issues decided on a motion to suppress. *People v. Williams*, 59 Ill.2d 557, 562, 322 N.E.2d 461, 463 (1975). As

the Illinois Supreme Court noted in *People v. Hopkins*, 52 Ill.2d 1, 3–4, 284 N.E.2d 283, 284 (1972):

> The arrest of the defendant, and the search that produced the knife, either did or did not violate his constitutional rights. Whether those rights were then violated does not depend on the number of cases in which the knife might thereafter be offered in evidence. The fact that the same item of evidence may be relevant in several trials involving a defendant does not, without more, entitle him to repeated hearings as to the validity of the arrest and search which produced the item.

Thus, as a general rule, the Illinois doctrine of collateral estoppel bars relitigation of an order rejecting a pretrial challenge to the constitutional validity of a search or an arrest. The collateral estoppel rule applies whether the suppression issue litigated arises in separate criminal trials, *People v. Armstrong*, 56 Ill.2d 159, 306 N.E.2d 14 (1973), or in the course of a civil proceeding. *See City of Rolling Meadows v. Kohlberg*, 83 Ill.App.3d 10, 14–15, 38 Ill.Dec. 586, 589–90, 403 N.E.2d 1040, 1043–44 (1980).

 Collateral estoppel, however, is an equitable doctrine subject to limitations where fairness and justice require. *Jones v. City of Alton*, 757 F.2d 878, 885 (7th Cir.1985). Equitable considerations have led Illinois courts to recognize limited exceptions to the general rule barring relitigation of issues decided in a pretrial suppression hearing. The recognized exceptions fall into essentially two categories—additional evidence and peculiar circumstances. *See Armstrong*, 56 Ill.2d at 161, 306 N.E.2d at 15.

The peculiar circumstances exception finds its genesis in the discussion in *Hopkins* of factors militating against adopting doctrines of repose to foreclose relitigation of an order granting or denying a pretrial motion to suppress. *Hopkins* suggested that the availability of a forum for review was an important consideration in determining whether to give preclusive effect to

a ruling on a motion to suppress. *Hopkins*, 52 Ill.2d at 4, 284 N.E.2d at 284–85. In *People v. Mordican*, 64 Ill.2d 257, 1 Ill.Dec. 1, 356 N.E.2d 71 (1976), the Illinois Supreme Court extended this reasoning and held that lack of opportunity for appellate review was a peculiar circumstance justifying departure from the ordinary application of collateral estoppel. In that case, defendant could not appeal the denial of his motion to suppress in an earlier trial because the earlier trial had ended in acquittal. Because acquittal foreclosed defendant from appealing the denial of the motion to suppress in his first trial, the Court excepted him from general collateral estoppel rules and permitted him to relitigate the issue in a second hearing on his motion to suppress.

Relying on *Mordican*, the Illinois appellate courts have concluded that defendants who enter guilty pleas after a ruling on a motion to suppress also fall within the peculiar circumstances exception. *People v. Griffin*, 117 Ill.App.3d 177, 181, 72 Ill.Dec. 750, 754–55, 453 N.E.2d 55, 58–59 (1983); *People v. Stiles*, 95 Ill.App.3d 959, 963, 51 Ill.Dec. 646, 650, 420 N.E.2d 1204, 1207 (1981). Defendants who plead guilty, like those who are acquitted, cannot appeal a pretrial ruling on a motion to suppress. Therefore, Illinois courts depart from the general rule and do not give preclusive effect to issues decided in a pretrial motion to suppress evidence if defendant decides to plead guilty after the court has ruled on the suppression motion.

Illinois courts also acknowledge an additional evidence exception to universal application of collateral estoppel in criminal cases. To fall within this exception, a defendant must show either that additional evidence has become available since the first suppression hearing, *see People v. Johnson*, 100 Ill.App.3d 707, 709, 56 Ill. Dec. 278, 280, 427 N.E.2d 358, 360 (1981), or that evidence available at the first hearing could not be introduced because of some fundamental defect in the fairness of the hearing. *See Stiles*, 95 Ill.App.3d at 464–65, 51 Ill.Dec. at 650, 420 N.E.2d at

1208 (defective hearing by reason of incompetent defense counsel). If, however, an Illinois defendant cannot make a showing of additional evidence or peculiar circumstances, then Illinois courts will apply the doctrine of collateral estoppel to bar him from relitigating in a second criminal case issues decided in an earlier suppression hearing.

■ Although Illinois courts apply collateral estoppel to preclude relitigation of pretrial rulings in serial criminal prosecutions, they have yet to determine whether a pretrial order sustaining the constitutional validity of a search or an arrest in a criminal proceeding should preclude defendant from attempts to relitigate the issue in a subsequent civil suit. The crossover from criminal to civil suit poses two potential problems—the mutuality problem and the burden-of-proof problem.

Traditionally, collateral estoppel required mutuality of the parties. Under the principle of mutuality, the parties in a later action had to be identical to or in privy with the parties to the earlier action before the court would give preclusive effect to issues determined in the first case. Because the state prosecutes criminal charges, the parties to a criminal proceeding will not, for the most part, be the same as the parties to a later civil proceeding. Thus, in states that still adhere to the requirement of mutuality, litigation of an issue in a suppression hearing will have no preclusive effect in a subsequent civil rights damage suit. *See B.C.R. Transport Co. v. Fontaine,* 727 F.2d 7, 11–12 (1st Cir.1984); *Lee v. Winston,* 717 F.2d 888, 894–95 (4th Cir.1983), *aff'd on other grounds,* —— U.S. ——, 105 S.Ct. 1611, 84 L.Ed.2d 662 (1985). Illinois courts, however, have been inclined to apply issue preclusion expansively to effectuate the underlying purpose of avoiding needless relitigation of matters already decided in prior proceedings. *See Edwards v. City of Quincy,* 124 Ill.App.3d 1004, 80 Ill.Dec. 142, 464 N.E.2d 1125 (1984) (extends collateral estoppel effect to issues decided in prior administrative review proceeding); *Raper v. Hazelett & Erdal,* 114 Ill.App.3d 649, 652, 70 Ill.Dec. 394, 449 N.E.2d 268, 270 (1983). They therefore no longer require strict mutuality as a prerequisite to defensive application of the collateral estoppel doctrine. *Illinois State Chamber of Commerce v. Pollution Control Board,* 78 Ill.2d 1, 7, 34 Ill.Dec. 334, 336–37, 398 N.E.2d 9, 11–12 (1979). Consequently, the mutuality requirement does not itself foreclose defendants in a civil rights action from invoking collateral estoppel to preclude relitigation of Fourth Amendment issues decided against a plaintiff who sought to suppress evidence in defending against a prior criminal prosecution.

A second potential problem in giving criminal adjudication preclusive effect in civil actions is the differing standard of proof in the two proceedings. In a civil rights action, the plaintiff has the burden of proving by a "preponderance of the evidence" that defendants violated his constitutional rights. *See Lenard v. Argento,* 699 F.2d 874, 893 n. 11 (7th Cir.), *cert. denied,* 464 U.S. 815, 104 S.Ct. 69, 78 L.Ed.2d 84 (1983). The state's burden of proof in a criminal action, however, is the more stringent "beyond a reasonable doubt" standard. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). A defendant is acquitted in a criminal proceeding if the state is unable to prove beyond a reasonable doubt that he committed the crime with which he is charged. But an acquittal does not necessarily mean that a party to a subsequent civil action could not prove defendant's misconduct by a preponderance of the evidence. Therefore, because of the different standards of proof used in civil and criminal proceedings, Illinois courts will not give preclusive effect to an acquittal if it is followed by a civil action involving the same charges. *See Everly v. Chicago Police Board,* 119 Ill. App.3d 631, 640, 75 Ill.Dec. 171, 177, 456 N.E.2d 992, 998 (1983).

Similarly, as the Seventh Circuit recently held in *Williams v. Kobel,* 789 F.2d 463 (7th Cir.1986), a finding of no probable cause on a bindover determination by the

state judge at a preliminary hearing cannot be given preclusive effect in a later civil rights damage claim for false arrest because the standard of proof for probable cause in a preliminary hearing is stricter than the standard of proof required to assess whether a police officer in the field has probable cause for arrest. Due to the different quantums of proof required in the two determinations, it is theoretically possible for a court, after preliminary hearing, to find no probable cause to hold a defendant for trial even though the arresting officer had probable cause to take him into custody. *Id.*

The burden-of-proof factor, however, does not enter into consideration when a defendant in a civil action seeks to collaterally estop the plaintiff from relitigating issues decided on a motion to suppress in a prior criminal proceeding. Just as a civil plaintiff has the burden of proving the allegations of his complaint, an Illinois defendant who brings a pretrial motion to suppress bears the burden of proving that a search incident to an arrest is unlawful. *See* Ill.Rev.Stat.1985, ch. 38, § 114–12(b). Indeed, in many cases the standard for proving an unlawful arrest in a criminal suppression hearing is less burdensome than it would be in a civil damage action. Under Illinois case law, the burden of going forward to show the lawfulness of an arrest shifts to the state once the defendant makes a *prima facie* case by producing evidence that police arrested him without a warrant when he was not violating any laws or doing anything unusual. *People v. Jones,* 114 Ill.App.3d 576, 581, 70 Ill.Dec. 418, 424, 449 N.E.2d 547, 552 (1983). Therefore, because the standard required for a criminal defendant to prove lack of probable cause is less restrictive, the burden-of-proof problem presents no particular barrier to defensive application of issue preclusion in a civil action seeking damages for an arrest or search upheld as lawful in pretrial criminal proceedings.

In sum, Illinois courts, subject to the "peculiar circumstances or additional evidence" exception, give collateral estoppel effect to orders deciding issues litigated in a criminal pretrial suppression hearing. Although Illinois courts have had occasion to apply the rule only as between separate criminal prosecutions, this Court can discern no persuasive reason to conclude that they would find cause to bar application of the state's collateral estoppel rules regarding suppression issues to civil cases brought after entry of judgment in a criminal case. Because of the potentially serious consequences of a felony conviction, a defendant in a criminal proceeding has ample incentive to fully litigate Fourth Amendment issues in the suppression hearing in hopes of excluding potentially damaging evidence. Lack of mutuality is not a relevant factor under Illinois law. Nor does the question of differing burdens of proof create an obstacle to invocation of the collateral estoppel doctrine when the issues to be precluded were litigated on a pretrial criminal motion. Furthermore, Illinois courts have showed a willingness to follow the modern trend toward expansion of the scope of application of collateral estoppel. In recognition of these factors, the Court concludes that Illinois courts would, if faced with the question, allow defensive use of collateral estoppel in a civil suit to preclude, if appropriate, relitigation of Fourth Amendment issues determined by an earlier pretrial suppression ruling in a criminal case.

Having concluded that Illinois courts would permit issue preclusion in the general context of this case, the question remains as to whether defendants are entitled to collateral estoppel on the facts. At the outset, the Court notes that Stevenson fails to allege any facts to show that his case falls within one of the recognized exceptions to the rule giving preclusive effect to motion-to-suppress determinations. As the record indicates, Stevenson had an extensive hearing on his motion and an opportunity to contest the ruling when he appealed the court's verdict after his bench trial. Absent any showing of additional evidence or peculiar circumstances, the Court need only consider whether general rules of collateral estoppel as applied by Illinois courts

would bar Stevenson from challenging the legality of his arrests.

Illinois follows the traditional approach and applies collateral estoppel when (1) the issue decided in the prior adjudication is identical with the one presented in the case under review, (2) the party against whom the estoppel is asserted was a party or in privity with a party to the prior litigation, (3) there has been a final judgment on the merits in the former suit, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Raper*, 114 Ill.App.3d at 652, 449 N.E.2d at 270; *see County of Cook v. Midcon Corp.*, 773 F.2d 892, 898 (7th Cir.1985). Judged by these criterion, collateral estoppel is appropriate only as to Stevenson's second arrest.

It is apparent from the record that Stevenson was a party in the prior litigation and that he was accorded a full and fair hearing on his suppression motion. It is equally clear that there has been a final judgment on the merits. Under Illinois case law, a pretrial order granting a motion to suppress is a final order after judgment is entered in the case. *People v. Williams*, 59 Ill.2d at 562, 322 N.E.2d at 463; *see People v. Caballero*, 102 Ill.2d 23, 35–36, 464 N.E.2d 223, 229, *cert. denied, Caballaro v. Illinois*, — U.S. —, 105 S.Ct. 362, 83 L.Ed.2d 298 (1984). The critical factor in this case is whether the issues decided in the suppression hearing are identical to those involved in this case.

In *Department of Transportation v. Shaw*, 68 Ill.2d 342, 347–48, 12 Ill.Dec. 177, 179, 369 N.E.2d 884, 886 (1977), the Illinois Supreme Court set out its principles for determining if a case meets the identical issue requirement:

> To operate as an estoppel by verdict it is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined

by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty on the point that more than one distinct issue of fact is presented to the court the estoppel will not be applied, for the reason that the court may have decided upon one of the other issues of fact.

The issue in this case is whether defendants violated Stevenson's constitutional rights under the Fourth Amendment when they arrested him without a warrant on April 6, 1983 and again on May 2, 1983. Proof of the actual existence of probable cause absolutely bars a civil rights action for false arrest. *Terket v. Lund*, 623 F.2d 29, 31 (7th Cir.1980). Existence of probable cause is also the determining issue in deciding whether the protective policies of the Fourth Amendment require suppression of evidence seized in a warrantless arrest. *People v. Sanchez*, 107 Ill.App.3d 240, 248, 633 Ill.Dec. 95, 105, 437 N.E.2d 744, 751. Thus, because the issues in the civil rights action and the criminal suppression proceeding are identical, an order denying a motion to suppress may estop a subsequent damage claim against the arresting officer.

In this case, however, the state judge limited his finding of probable cause to the facts involved in the May 2 arrest. Stevenson's motion to suppress specifically challenged the legality of both arrests. During the hearing on the motion, Stevenson's attorney introduced evidence to support his contention that both arrests were invalid. But in denying Stevenson's motion to suppress, the judge held only that "there was probable cause to arrest the defendant the second time, both by way of identification and also by way of the statement against penal interest by a co-arrestee, co-conspirator in the alleged offense." Tr. at 82, Doc. 20, Defendants' Exhibit B. In explaining his ruling, the judge further stated that "it seems to me that the time he was arrested and released is not at all material to my decision." Tr. at 81. Because the judge explicitly restricted his finding of probable cause, the preclusive effect of his ruling

extends only to the second arrest. The legality of the first arrest was not determined in the suppression hearing. Therefore, Stevenson is free to pursue his challenge to the arrest of April 6. Accordingly, the Court grants defendants' motion for summary judgment as to Stevenson's claim involving the May 2 arrest and denies the motion as to the April 6 arrest.

One further issue remains to be addressed. Defendants also have a motion for protective order pending before the Court. Stevenson has asked defendants to produce a number of documents pertaining to his arrests and subsequent court proceedings. Defendants object on grounds that the request for documents is onerous and not related to the issues in this case.

Defendants' objections are to some extent justified. From some of his pleadings, it appears that Stevenson believes that he can use this suit to collaterally attack his conviction. That is not the case however. A challenge to the legality of a conviction can be mounted in federal court only by way of habeas corpus. The only issue remaining in this case is whether the officers who took Stevenson into custody on April 6 had probable cause for his arrest. Probable cause for arrest must be determined in light of facts and circumstances known to the officers at the time of arrest. *Williams v. Kobel*, 789 F.2d at 470. Thus, most of the documents Stevenson seeks, which pertain to matters that occurred after his initial arrest, are not relevant to the issue in this case. But that is not true as to all the requested documents. Among the documents Stevenson wants produced is a copy of the police report on his April 6 arrest. Stevenson is obviously entitled to this document. Accordingly, the Court grants the motion for protective order as to all documents, save the police report which defendants shall produce for Stevenson within twenty days.

The record suggests that neither Antonacci nor Rinchiuso were involved in Stevenson's first arrest. Therefore, although they did not raise it as grounds for summary judgment, they may not be proper par-

ties to this action. Stevenson should be able to identify the arresting officers from the police report. Once that document is disclosed to him, he can file an amended complaint against those actually responsible for his first arrest. After defendants provide Stevenson with the information required for him to pursue his claims against the officers who actually arrested him the first time, they may seek to have the action dismissed as against them. *See Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981).

IT IS THEREFORE ORDERED that

(1) the City of Chicago's motion to dismiss is granted;

(2) Antonacci and Rinchiuso's motion for summary judgment is granted as to the arrest of May 2, 1983 and denied as to the arrest of April 6, 1983; and

(3) Antonacci and Rinchiuso's motion for protective order is granted except as to the police report for the April 6 arrest which they shall produce within twenty days.