**Dennis MELMUKA, Plaintiff,**

v.

**Michael O'BRIEN, et al., Defendants.**

**Dennis MELMUKA, Plaintiff,**

v.

**Carol RILEY, Defendant.**

**Nos. 83 C 866, 83 C 868.**

United States District Court,
N.D. Illinois, E.D.

Nov. 16, 1983.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Dennis E. Melmuka ("Melmuka") seeks leave to file these two pro se actions under 42 U.S.C. § 1983 ("Section 1983") without prepayment of the filing fee. Each action arises out of events leading up to Melmuka's conviction for the August 14, 1980 burglary of a condominium at 457 West Fullerton Avenue, Chicago. For reasons that need only brief treatment in this opinion, Melmuka's motions to file these actions in forma pauperis are denied.

Melmuka names as defendants:

1. in 83 C 866 ("866"), four Chicago police officers; and

2. in 83 C 868 ("868"), Carol Riley ("Riley"), a resident at the burglarized address who testified at Melmuka's trial.

In 866 Melmuka alleges the "police officers both encouraged perjury and committed perjury by their testimony and prepared false police reports to cover up the true facts, which led to plaintiff being convicted

for Burglary that they fabricated, from the beginning." In 868 he alleges Riley "presented false testimony" and "conspired with the States Attorney [sic] Office of Cook County to convict plaintiff of Burglary." In each action he seeks damages and a new trial as relief.

■ Melmuka's prayers for a new trial are not cognizable under Section 1983. Any plaintiff who seeks to overturn a state conviction (thus obtaining release from custody) must look to a habeas corpus petition as his or her exclusive federal remedy.[1] *Preiser v. Rodriguez*, 411 U.S. 475, 488–89, 93 S.Ct. 1827, 1835–36, 36 L.Ed.2d 439 (1973). This opinion turns then to Melmuka's damage claims.

■ *Briscoe v. LaHue*, —— U.S. ——, 103 S.Ct. 1108, 1118, 75 L.Ed.2d 96 (1983) teaches Congress did not intend to abrogate the absolute immunity the common law extended to witnesses for their testimony in judicial proceedings. Consequently *Briscoe* held (*id.* at 1119–21) even a police officer who commits perjury during a state court criminal trial is absolutely immune from Section 1983 civil liability. *Briscoe* thus bars Melmuka's entire claim against Riley and his claim of perjury against the officers who testified at his trial.

■ But Melmuka's 866 claim against the officers includes charges of subornation of perjury and falsification of police reports. Because those allegations are not limited to the officers' giving of testimony, this Court must look beyond the immunity question to determine whether the 866 Complaint raises a colorable claim for relief.

That Complaint asserts the police officers induced perjury by encouraging a witness to testify he saw Melmuka exit from a basement door when they knew such an observation was impossible from the vantage of the witness. It also alleges the

---

1. Melmuka has in fact filed for and been denied federal habeas corpus relief. *United States ex rel. Melmuka v. Welborn*, 83 C 2235 (N.D.Ill. Oct. 3, 1983), *appeal to 7th Cir. filed* Oct. 24, 1983. This opinion's determination the 866 and 868 complaints are without legal merit has re-

lied in part on the state court record submitted for review in the federal habeas corpus proceedings. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. (1983)), *cert. denied*, —— U.S. ——, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983).

officers falsified police reports concerning the timing of the *Miranda* warnings, to permit the prosecution to enter into evidence statements Melmuka made to the police at the scene of the burglary.[2] Melmuka also complains of the police report's description of his location when police arrived at the scene. Because all those issues were raised and decided adversely to Melmuka during the course of his trial and appeal, he is precluded from raising them in a Section 1983 damage suit.

Collateral estoppel (sometimes—and perhaps more accurately—termed issue preclusion) is available to Section 1983 defendants to bar relitigation of issues of fact or law determined in a prior criminal proceeding. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Blake v. Katter*, 693 F.2d 677, 682 (7th Cir.1982).[3] For that purpose the operative standards were defined in *Whitley v. Seibel*, 676 F.2d 245, 248 (7th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 254, 74 L.Ed.2d 198 (1982) (quoting 1B Moore's Federal Practice, ¶ 0.443[1]):

> whether the issue sought to be concluded is the same as that involved in the prior action; was litigated in the prior action; was in fact judicially determined in the prior action; and whether the judgment in the prior action was dependent upon the determination made of the issue.

All those elements are satisfied here.

Melmuka specifically raised the issues of falsified police reports and perjured testimony in paragraphs 1 and 9 of his post-trial brief (R. 547–48). In denying the motion the trial judge stated (R. 460, 462):

**2.** According to the 866 Complaint, police reports prepared on the crime gave conflicting versions as to when Melmuka received his *Miranda* warnings.

**3.** Generally it is defendants' burden to raise an affirmative defense like collateral estoppel. But courts have authority to consider the existence of such a defense sua sponte when deciding whether a plaintiff is entitled to file or proceed under 28 U.S.C. § 1915(d). *Holsey v. Bass,* 712 F.2d 70, 74 (4th Cir.1983); *Anderson v. Coughlin,* 700 F.2d 37, 43 (2d Cir.1982).

**4.** On appeal Melmuka did not contest the timing of the *Miranda* warnings. To the contrary, he

I have had an opportunity to take a look at and read Mr. Melmuka's pro se motion and most of the matters and things raised in the defendant's motion he alleges Yanow's testimony and he cites as statements and inconsistencies various items from the transcript of the preliminary hearing and also from the police reports. These were matters that were brought out on cross examination that go to the credibility of the witness and they are not in my opinion evidence of perjury and they are matters the jury considered in its determination of the credibility of the witnesses. They chose to believe Mr. Yanow and the others....

\*     \*     \*     \*     \*     \*

The probable cause for arrest, I find nothing wrong with the arrest procedure under the circumstances in this record.

In appealing on the sufficiency of the evidence, Melmuka again challenged the witness' veracity in testifying he saw Melmuka exit the building by the basement stairs. Like the trial court, the Illinois Appellate Court rejected Melmuka's challenge as groundless.[4] *People v. Melmuka,* 108 Ill. App.3d 1211, 68 Ill.Dec. 584, 446 N.E.2d 318, slip op. at 4–5 (1st Dist.1982).

As before the Appellate Court (and as previously before the trial court in reviewing Melmuka's post-trial motions), the remaining Section 1983 issue is whether Melmuka was accorded a fair trial. Any claim the officers induced perjury and falsified police reports can be actionable only to the extent (if any) that conduct caused Melmuka to be deprived of *liberty* without due process of law—and that perforce means

admitted police advised him of his right to remain silent at the time of his arrest and argued the State improperly used his refusal to answer a question to imply guilt in violation of *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). After noting Melmuka had waived the issue by failing to raise it before the trial court, the Appellate Court nonetheless elected to treat with the merits. It found prosecutorial comment on Melmuka's refusal to answer the question permissible because the question was the last in a series of post-warning questions Melmuka had in fact chosen to answer before electing to remain silent to the last one.

he must show the conduct caused his conviction.

But Melmuka did challenge the veracity of the police reports and the testimony of the allegedly mendacious witness during cross-examination at trial, in the post-trial motion and on appeal. By its verdict the jury necessarily rejected Melmuka's attacks upon the integrity of the evidence against him, for deciding the credibility of that evidence was essential to its finding of guilt. In short, as a review of the state court record reveals, the truthfulness of the allegedly suborned perjury and falsified police reports were "distinctly put in issue and directly determined" in the criminal prosecution of Melmuka. *See Williams v. Liberty,* 461 F.2d 325, 327 (7th Cir.1972). Because those issues were determined adversely to Melmuka, defensive collateral estoppel principles preclude him from again raising the issues in this Section 1983 action.

Accordingly this Court finds—as a matter of law—Melmuka's Complaints are "frivolous" in the sense of *Wartman v. Milwaukee County Court,* 510 F.2d 130, 134 (7th Cir.1975). Consequently Melmuka is denied leave to file either Complaint in forma pauperis.