**Jovan MOSS, Plaintiff,**

v.

**Robert PERKINS and Clarence Moore, Defendants.**

**No. 87 C 10517.**

United States District Court, N.D. Illinois, E.D.

April 5, 1988.

---

David G. Duggan, Abramson & Fox, Chicago, Ill., for plaintiff.

Judson Miner, Corp. Counsel, by Michael Lieberman, Asst. Corp. Counsel, City of Chicago, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Defendants in this case have filed a motion to dismiss Count III of plaintiff's complaint, a conspiracy count based on 42 U.S.C. § 1985(3). For the reasons stated herein, defendants' motion is granted, and Count III of plaintiff's complaint is dismissed.

## I. FACTS

Plaintiff Jovan Moss filed a three-count complaint against defendants Robert Perkins and Clarence Moore in December 1987. The complaint states in pertinent part that Moss was sitting in his parked car on May 22, 1987 when Perkins and Moore, while on duty as Chicago police officers, pulled up alongside Moss in an unmarked police car. Moore, the passenger in the police car, allegedly ordered Moss out of his car without cause or provocation. As Moss attempted to comply, Perkins allegedly struck him several times in the face with his fists, causing lacerations and bruises. Moss claims in Count III that Perkins and Moore conspired for the purpose of depriving Moss of rights secured to him by the Fourteenth Amendment. Perkins and Moore have subsequently filed a motion to dismiss Count III of Moss' complaint for failure to state a cause of action.

## II. DISCUSSION

To establish a valid cause of action under 42 U.S.C. § 1985(3), Moss must allege that the police officers' actions stemmed from a conspiracy against him. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). The complaint must also sufficiently allege that the officers' conspiracy was motivated by racial or other class-based discrimination. *Id.; Briscoe v. LaHue*, 663 F.2d 713 (7th Cir.1981), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.

2d 96 (1983). Moss' complaint satisfies neither of these prerequisites.

■ To plead a conspiracy between Moore and Perkins, Moss must allege some facts which would support a conclusion that Moore and Perkins actually possessed the same motives or objective. Although he is not required to allege an express agreement between Moore and Perkins, Moss must at least allege that both defendants shared the same general conspiratorial objective or possessed the same motives. *Hoffman–LaRoche, Inc. v. Greenberg*, 447 F.2d 872 (7th Cir.1971). Mere conclusory pleadings that the parties "agreed and conspired" to deprive Moss of his constitutional rights are insufficient to state a cause of action for conspiracy. *Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir.1984); *Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir.1982). Moss must allege some "single plan, the essential nature and scope of which is known to each person who is to be held responsible for its consequences." *Hoffman–LaRoche*, 447 F.2d at 875.

In his complaint, Moss alleges that both defendants were present during the alleged incident, that they were partners, that Perkins assaulted Moss, and that Moore failed to intervene. A conspiracy cannot be implied or inferred based solely on these facts. Count III of plaintiff's complaint fails not only to allege any facts suggesting a previous agreement or "meeting of the minds," but further fails to present any facts which would indicate that either of the officers had previously devised a plan to harass Moss. Accordingly, Moss' complaint completely fails to allege a conspiracy between the defendants, an essential element of a § 1985(3) claim.

■ Moss' complaint also fails to adequately establish racial or other class-based motivation on defendants' part. The Supreme Court has ruled that a plaintiff raising a civil rights claim must allege a "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102, 91 S.Ct. at 1798. Although Moss does

allege that he is black, he makes no further allegations to demonstrate that the alleged actions of Perkins and Moore were motivated by Moss' race. Moss, however, contends that he has satisfied the pleading requirements simply by establishing that he is black. This court cannot agree with Moss' interpretation of pleading requirements under § 1985(3). For Count III of his complaint to survive a motion to dismiss, Moss must allege some facts demonstrating that race was the actual reason for defendants' actions. Mere conclusory allegations are insufficient. *Jafree*, 689 F.2d at 643.

In sum, Moss has not adequately alleged that Moore and Perkins conspired to deprive him of his constitutional rights or that defendants' actions were racially motivated. Accordingly, Moss has failed to state a cause of action pursuant to 42 U.S.C. § 1985(3) for which this court could grant relief.

### III. CONCLUSION

For the foregoing reasons, this court grants defendants' motion to dismiss Count III of plaintiff's complaint.

IT IS SO ORDERED.