Placido LaBOY, Jr., Plaintiff,

v.

Richard P. ZULEY, William Dorsch,
and John Boyle, Defendants.

No. 90 C 545.

United States District Court,
N.D. Illinois, E.D.

Oct. 4, 1990.

Placido LaBoy, Jr., pro se.

Kelly R. Welsh, Corp. Counsel, City of Chicago by Justin P. Erbacci, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Placido LaBoy, Jr. is an inmate at the Cook County correctional facility. Seeking to recover monetary damages for several alleged violations of his civil rights, LaBoy asserts a variety of claims against Chicago police officers Richard P. Zuley, William Dorsch, and John Boyle. Defendants have moved to dismiss plaintiff's complaint in its entirety. For the reasons stated herein, defendants' motion to dismiss is granted in part and denied in part.

## I.  FACTS

On July 10, 1987, the Chicago Police Department received a report of an armed robbery. Upon arriving at the scene of the crime, the responding officer interviewed the victims of the robbery. The victims gave a description of their assailant and the vehicle he was driving. Several hours later, officers Zuley, Dorsch, and Boyle arrested Placido LaBoy—the owner of the vehicle. The officers took LaBoy to the police station and placed him in a lineup. LaBoy was identified in the lineup as the perpetrator of the crime.

Following a jury trial in the Circuit Court of Cook County, LaBoy was convicted of armed robbery and attempted criminal sexual assault. (87 CR 9971.) Shortly thereafter, LaBoy was charged in a separate indictment with committing three murders in 1979. (89 CR 13008.) He is currently awaiting trial for the alleged triple murder.

Claiming that he was unlawfully arrested and convicted of the armed robbery, LaBoy now seeks an award of monetary damages against Zuley, Dorsch, and Boyle.[1] LaBoy alleges that defendants, acting under color of law, violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. In seeking damages for these alleged constitutional violations, LaBoy asserts a claim pursuant to 42 U.S.C. § 1983. LaBoy further alleges that defendants conspired to obtain a conviction through the use of fabricated evidence and an overly suggestive lineup, in violation of 42 U.S.C. §§ 1985(2) and 1985(3). In addition, LaBoy seeks to hold defendants liable for perjury and subornation of perjury. LaBoy also asserts a claim for malicious prosecution against defendant Zuley. The court will now address each of these claims separately.

## II.  DISCUSSION

### A.  Section 1983

In support of his § 1983 claim, LaBoy alleges that he was unlawfully arrested without a warrant, in violation of the Fourth Amendment. LaBoy further contends that defendants violated his right to due process under the Fifth and Fourteenth Amendments.[2]

---

1. In his complaint, LaBoy requests $500,000 in compensatory damages for "emotional and psychological distress, severe mental anguish, anxiety, humiliation, degradation and pain and suffering of body and mind." LaBoy also seeks an award of punitive damages in the amount of $2,000,000 for "willful and wanton misconduct."

2. LaBoy's complaint also makes a general reference to the Equal Protection Clause. *See Complaint*, ¶ 1. LaBoy does not make any allegations, however, that even remotely resemble an equal protection claim. There are no factual assertions indicating that LaBoy was deprived of his rights because of his race or some other

■ As defendants correctly point out, LaBoy cannot pursue a claim under the Due Process Clause of the Fifth Amendment: that clause applies only to federal officials. *Johnson v. Carroll,* 694 F.Supp. 500, 504 (N.D.Ill.1988). Since defendants are employees of the Chicago Police Department, and not the federal government, the Fifth Amendment is inapplicable.

Whether or not LaBoy can maintain a claim under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment is a more difficult question. As support for his Fourth Amendment claim, LaBoy alleges that defendants lacked probable cause for the arrest. LaBoy intimates that defendants impaired his right to due process under the Fourteenth Amendment by fabricating evidence[3] and creating an overly suggestive lineup.

Defendants contend that LaBoy is estopped from litigating these issues because he raised the same issues in a prior state court proceeding. After his criminal trial, LaBoy filed several post-trial motions, including a motion to quash the arrest, a motion to suppress the evidence obtained from the arrest, and a motion to suppress the lineup identification. The trial judge conducted a three-day hearing on these motions, in which both parties presented witnesses. After listening to the arguments of both sides and considering the evidence presented at the hearing, the judge denied all of LaBoy's post-trial motions. (Tr. 122.) The denial of LaBoy's post-trial motions, defendants argue, precludes LaBoy from recovering monetary damages in this civil rights action.

■ The defense of issue preclusion, or collateral estoppel, may be asserted in a § 1983 action to preclude relitigation of an issue of fact or law that was resolved in a prior criminal proceeding. *Allen v. McCurry,* 449 U.S. 90, 103–05, 101 S.Ct. 411, 419–20, 66 L.Ed.2d 308 (1980); *Melmu-*

ka v. O'Brien, 574 F.Supp. 163, 165 (N.D. Ill.1983). In deciding whether the prior state court proceeding is given preclusive effect, the district court must apply the preclusion laws of the state in which the prior judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81–83, 104 S.Ct. 892, 896–897, 79 L.Ed.2d 56 (1984).

The Seventh Circuit has recognized that under Illinois law, evidence of a conviction is not admissible in a subsequent civil case as conclusive evidence of the facts underlying the conviction. *See Brown v. Green,* 738 F.2d 202, 206 (7th Cir.1984) (citing *Thornton v. Paul,* 74 Ill.2d 132, 23 Ill.Dec. 541, 384 N.E.2d 335 (1978); *Bay State Ins. Co. v. Wilson,* 96 Ill.2d 487, 71 Ill.Dec. 726, 451 N.E.2d 880 (1983)). "The limited preclusive effect Illinois accords the fact of conviction is an apparent recognition of the difficulty in some cases of determining exactly what facts were necessary to establish the conviction." *Stevenson v. City of Chicago,* 638 F.Supp. 136, 138 (N.D.Ill. 1986). In contrast to the uncertainty concerning the exact factual basis underlying a conviction, a suppression hearing addresses a single, precise issue—*i.e.,* the admissibility of the disputed evidence. *Id.* There can be little doubt as to the factual and legal issues determined in such a hearing.

■ Admittedly, an Illinois court has yet to address the issue presented in this case: whether a plaintiff in a civil case is barred from relitigating issues resolved in a prior criminal suppression hearing. However, other courts in this district have applied the doctrine of issue preclusion to bar a § 1983 plaintiff from relitigating issues resolved in a suppression hearing in a prior state criminal case. *See Stevenson,* 638 F.Supp. at 141; *Lucien v. Roegner,* 574 F.Supp. 118, 120 (N.D.Ill.1983); *see also Melmuka,* 574 F.Supp. at 165–66. Applying issue preclu-

---

class-based characteristic. Quite simply, LaBoy provides no factual basis upon which to support a claim under the Equal Protection Clause of the Fourteenth Amendment. To the extent La-Boy seeks relief under the Equal Protection Clause, his Fourteenth Amendment claim is dismissed.

3. According to LaBoy, defendants fabricated evidence by surreptitiously placing strands of the victim's hair on his pants while he was being detained at the police station. *Complaint,* ¶ 17.

sion under such circumstances protects the "litigants from the burden of retrying an identical cause of action or issue with the same party or privy, and ... enhance[s] judicial economy by prohibiting repetitive litigation." *Spiller v. Continental Tube Co.*, 95 Ill.2d 423, 432, 69 Ill.Dec. 399, 403, 447 N.E.2d 834, 838 (1983). To effectuate this underlying policy, the court concludes that issue preclusion may be used in a civil action to bar relitigation of issues determined in a suppression hearing.

The only question remaining is whether such a defense may be asserted in this case. Under Illinois law, issue preclusion is applicable if:

(1) the issue decided in the prior adjudication is identical with one presented in the case under review, (2) the party against whom the estoppel is asserted was a party or in privity with a party to the prior litigation, (3) there has been a final judgment on the merits in the former suit, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Stevenson*, 638 F.Supp. at 142 (citing *Raper v. Hazelett & Erdal*, 114 Ill.App.3d 649, 652, 70 Ill.Dec. 394, 396, 449 N.E.2d 268, 270 (1983)).

▪ LaBoy, the party against whom the estoppel is asserted, was naturally a party to the prior criminal proceeding. LaBoy certainly cannot argue that he was denied a full and fair opportunity to litigate the issues he now raises. The trial judge provided LaBoy with an extensive post-trial hearing. The judge heard evidence for three days. LaBoy even presented witnesses who did not testify at his trial. (Tr. 113.) In addition to presenting his own evidence, LaBoy had an opportunity to cross-examine the prosecution's witness. Having participated in a full hearing, LaBoy cannot relitigate any issue that was decided in the hearing.

The first issue presented by LaBoy in this case is whether the police officers had probable cause to arrest. In his post-trial motion to quash the arrest, LaBoy raised the identical issue. After considering La-Boy's motion, the judge stated: "They certainly had probable cause. So I don't think the defendant had any basis at all to question the probable cause." (Tr. 118.) The judge then denied the motion. (Tr. 122.) The denial of LaBoy's post-trial motion prevents him from relitigating the same issue in this civil rights action. *See Stevenson*, 638 F.Supp. at 142 ("an order denying a motion to suppress may estop a subsequent damage claim against the arresting officer"). Indeed, the existence of probable cause is an absolute bar to a civil rights claim for false arrest. *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985); *Terket v. Lund*, 623 F.2d 29, 31 (7th Cir.1980). Defendants' motion to dismiss that claim is granted.

In regards to the question of the suggestive lineup, that issue was also specifically addressed and ruled upon by the judge. In denying the motion to suppress the lineup identification, the judge stated: "There is no question in my mind that the four individuals in the line up looked extremely alike, extremely.... So as far as the motion to suppress the identification based on the suggestiveness, I heard no suggestiveness.... I don't feel that there is any suggestability [sic] in the identification." (Tr. 116–17.) In light of this ruling, LaBoy cannot contest the validity of the lineup in a subsequent action for civil damages. LaBoy's § 1983 claim based on the suggestiveness of the lineup cannot survive defendants' motion to dismiss.

▪ Although LaBoy is estopped from asserting claims based on the arrest and subsequent lineup, issue preclusion is not an available defense with respect to the issue of fabricated evidence. At the post-trial hearing, the trial judge did not find it necessary to make an explicit finding on the question of fabricated evidence:

The defense brought out some inconsistent testimony of the police officer. It was indeed inconsistent. Why, I don't know. It concerned the hair on his pants which is a part of the evidence during the trial. Whether or not it was a crucial part of the trial, I am not certain. I don't think it would have made any dif-

ference one way are [sic] the other, whether they had the hair or they didn't have the hair. Why the testimony is inconsistent, I don't know. There is no reason for the officer to deliberately testify today inconsistently with his testimony before. So the only thing I can really attribute it to, certainly no one would outwardly commit perjury on two separate transcripts. I take it that he made an error. Whether the error was in the first testimony or the second testimony, I am not certain. But I don't think it—I think it didn't effect the outcome of the case in any way whatsoever in my opinion.

(Tr. 118–19.) Since the trial judge did not resolve this factual dispute, issue preclusion will not bar LaBoy from pursuing his

§ 1983 claim based on the allegedly fabricated evidence.[4]

### B. Conspiracy: Section 1985

According to LaBoy, defendants conspired to deprive him of his constitutional rights by fabricating evidence, creating an overly suggestive lineup, and committing perjury. Based on these allegations, LaBoy seeks damages pursuant to 42 U.S.C. §§ 1985(2) and 1985(3).

■ Section 1985(2) creates a private cause of action for conspiracies to obstruct the course of justice.[5] To state a claim under § 1985(2), LaBoy must demonstrate that the conspiracy was motivated by racial or some other class-based discrimination. *Thomas v. Beth Israel Hosp. Inc.*, 710

---

**4.** Defendants also contend that even if LaBoy is not collaterally estopped from asserting his claims, he must first exhaust his state court remedies. In support of this position, defendants argue that LaBoy is essentially attacking his state conviction and, therefore, a habeas corpus action (with its attendant exhaustion requirement) is LaBoy's exclusive remedy. *See Scruggs v. Moellering,* 870 F.2d 376, 378 (7th Cir.) ("[s]ection 1983 may not be used to mount a collateral attack on the plaintiff's criminal conviction"), *cert. denied,* —— U.S. ——, 110 S.Ct. 371, 107 L.Ed.2d 357 (1989). It is true that habeas corpus is the sole federal remedy for a state prisoner who is attacking the fact or length of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). But "[i]f a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement.... In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy." *Id.* at 494, 93 S.Ct. at 1838 (emphasis in original). In the instant case, LaBoy is not directly challenging the fact or length of his confinement. LaBoy does not seek a declaration that his conviction is invalid; nor does he request an immediate release. Instead, LaBoy seeks monetary damages from the officers who allegedly fabricated evidence. This case is similar to *Smith v. Springer,* 859 F.2d 31 (7th Cir.1988). In *Smith,* the plaintiff brought a § 1983 action against three Chicago police officers who allegedly fabricated evidence to secure his conviction. *Id.* at 32. The court explicitly rejected the argument that the plaintiff's § 1983 claim was a collateral attack on his state court conviction. In reaching this decision, the court explained:

> His section 1983 claim challenges the legality of the conduct of the officers and does not impugn the integrity of the state judicial system. Although the correctness of Smith's conviction may be seriously undermined if he

succeeds on his claim, he does not seek this result directly. His lawsuit challenges the conduct of the police officers and not the actions or procedures of the Illinois courts. Thus, Smith's section 1983 claim is not a collateral attack on his state court conviction....

*Id.* at 33 (footnote omitted). The court emphasized that the plaintiff did not have to attack the validity of his conviction to prevail on his § 1983 claim: "Smith ... can prevail if he shows that the defendants fabricated evidence leading to his false arrest and subsequent unreasonable seizure, causing him to suffer damages." *Id.* at 34 (citations omitted). Based on *Smith v. Springer,* this court finds that LaBoy's § 1983 claim is not a collateral attack on his state court conviction. Therefore, it is not subject to the exhaustion requirement. *Id.* at 36.

**5.** For purposes of analysis, § 1985(2) is divided into two clauses. *Dooley v. Reiss,* 736 F.2d 1392, 1395 (9th Cir.), *cert. denied,* 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984); *Lewis v. Green,* 629 F.Supp. 546, 549–50 (D.D.C.1986). Clause one applies only to conspiracies to interfere with federal court proceedings. *Dooley,* 736 F.2d at 1395; *Lewis,* 629 F.Supp. at 550. Clause two, on the other hand, applies to conspiracies which obstruct the administration of justice in the state court system. *Kush v. Rutledge,* 460 U.S. 719, 725, 103 S.Ct. 1483, 1487, 75 L.Ed.2d 413 (1983); *Dooley,* 736 F.2d at 1395; *Lewis,* 629 F.Supp. at 550. LaBoy alleges a conspiracy to obstruct a state criminal proceeding, thereby invoking clause two. That clause provides in pertinent part: "if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws...." 42 U.S.C. § 1985(2).

F.Supp. 935, 941 (S.D.N.Y.1989); *Lewis v. Green*, 629 F.Supp. 546, 551 (D.D.C.1986); *see also Kimble v. D.J. McDuffy, Inc.*, 623 F.2d 1060, 1065–67 (5th Cir.1980). Likewise, LaBoy cannot state a claim under § 1985(3) without alleging some class-based discriminatory intent on the part of defendants. *See Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). To withstand a motion to dismiss, LaBoy must set forth facts demonstrating that such discrimination was the reason for defendants' conduct. *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir.1982); *Moss v. Perkins*, 682 F.Supp. 395, 397 (N.D.Ill.1988). LaBoy's complaint, however, is completely devoid of any such allegations. LaBoy merely alleges that defendants conspired to obtain a conviction by unlawful means—*e.g.*, by producing false evidence and creating a suggestive lineup. Nothing in his complaint suggests that defendants' conduct was motivated by class-based discrimination. Having failed to allege any facts which demonstrate a discriminatory motive on the part of defendants, LaBoy cannot state a claim under § 1985(2) or § 1985(3).[6] Therefore, defendants' motion to dismiss is granted.

### C. Perjury and Subornation of Perjury

■ LaBoy also accuses defendants of committing perjury and subornation of perjury. As a basis for his claim for damages, LaBoy invokes 18 U.S.C. §§ 1621, 1622. *Complaint*, ¶ 1. But LaBoy cannot assert a civil claim under either section. As criminal statutes, § 1621 and 1622 do not provide a private cause of action. *See Love-*

lace v. Whitney*, 684 F.Supp. 1438, 1441 (N.D.Ill.1988), *aff'd*, 886 F.2d 332 (7th Cir. 1989).

■ Nevertheless, from the allegations contained in his complaint, it is not entirely clear whether LaBoy is also asserting his claims pursuant to 42 U.S.C. § 1983. Construing LaBoy's complaint liberally, the court must determine whether LaBoy can maintain his perjury and subornation of perjury claims under § 1983. Unfortunately for LaBoy, § 1983 does not provide an avenue of relief for his perjury claim. In *Briscoe v. LaHue*, 460 U.S. 325, 342–45, 103 S.Ct. 1108, 1119–20, 75 L.Ed.2d 96 (1983), the Supreme Court made it clear that police officers are entitled to absolute immunity for statements made as witnesses during a criminal trial. Consequently, LaBoy cannot recover damages for perjury allegedly committed by the police officer witnesses. *Id.* The court dismisses LaBoy's perjury claim.

■ Although witnesses are immune from § 1983 civil liability for testimony provided in judicial proceedings, such immunity does not extend to individuals who procure others to give false testimony. *See Melmuka*, 574 F.Supp. at 164. Defendants cannot hide behind the witness immunity to escape liability for subornation of perjury. Defendants' motion to dismiss LaBoy's subornation of perjury claim (brought pursuant to § 1983) is denied.

### D. Malicious Prosecution

Finally, LaBoy asserts a claim for malicious prosecution against defendant Zuley.

**6.** LaBoy's claims are inadequate in another substantial respect: LaBoy has failed to sufficiently allege an actual conspiracy between the defendants. To adequately plead a conspiracy, the plaintiff must set forth facts supporting a conclusion that the defendants actually shared the same conspiratorial objective or motive. *Moss*, 682 F.Supp. at 396; *see also Hoffman–LaRoche, Inc. v. Greenberg*, 447 F.2d 872, 875 (7th Cir. 1971). While the plaintiff does not have to allege an express agreement between the defendants, mere conclusory allegations that the defendants "conspired" to violate his rights are insufficient. *Moss*, 682 F.Supp. at 396. LaBoy's complaint does not set forth any facts of a previous agreement or plan to deprive him of

his constitutional rights. *See id.* Although LaBoy's *pro se* complaint must be construed liberally, *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), the court is not required to accept bald assertions that are unsupported by any specific facts. "With near unanimity, the courts have rejected complaints containing only conclusory allegations of conspiracy under [sections 1985(2) and (3)]." *Lewis*, 629 F.Supp. at 552 n. 6; *see also Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir.1984) ("[c]onclusory pleadings of a conspiracy must be dismissed"); *Jafree*, 689 F.2d at 644 (allegations of a conspiracy "must be supported by material facts, not conclusory statements").

This claim stems from two separate criminal proceedings in which Zuley was involved. LaBoy alleges that Zuley maliciously conspired with state prosecutors "who prosecuted plaintiff on the charges contained in the indictment 87 CR–9971." *Complaint,* ¶ 21. He also claims that Zuley "VINDICTIVELY went before the Grand Jury charging plaintiff with the charges contained in the indictment 89 CR–13008." *Id.* (emphasis in original). Neither of these criminal proceedings, however, provides a basis for LaBoy's malicious prosecution claim.

■ With respect to case no. 87 CR 9971, LaBoy cannot establish a necessary element of a malicious prosecution claim—*i.e.,* that the judicial proceeding was terminated in his favor. *Nunn v. City of Chicago,* 603 F.Supp. 1193, 1197 (N.D.Ill.1985); *Koch v. Schneider,* 550 F.Supp. 846, 854 (N.D.Ill.1982). Rather than obtaining a favorable decision in that case, LaBoy was convicted. Therefore, to the extent LaBoy's cause of action rests on 87 CR 9971, defendants' motion to dismiss is granted.

■ Insofar as LaBoy seeks to hold Zuley liable for the indictment returned in 89 CR 13008, LaBoy's malicious prosecution claim is premature. That criminal case is still in its initial stages. Absent extraordinary circumstances, a federal court should abstain from interfering with a pending state criminal proceeding. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). After all, any unlawful conduct by Zuley in effecting the arrest or obtaining the indictment could be at issue in that state judicial proceeding. Since LaBoy's claim for damages could interfere with the ongoing state court prosecution, he must first exhaust his state remedies before proceeding with his claim in federal court. *Johnson v. City of Chicago,* 712 F.Supp. 1311, 1317 (N.D.Ill.1989). Accordingly, the court dismisses LaBoy's malicious prosecution claim without prejudice; LaBoy may refile his claim when the state court proceedings are fully completed.

## III.  CONCLUSION

At this stage in the litigation, LaBoy may pursue a § 1983 claim based on the allegation that defendants' violated his right to due process by fabricating evidence. With respect to that claim, defendants' motion to dismiss is denied. Defendants' motion to dismiss LaBoy's § 1983 claim for subornation of perjury is also denied. In all other respects, defendants' motion to dismiss is granted. However, LaBoy's malicious prosecution claim is dismissed without prejudice.

IT IS SO ORDERED.