**Placido LaBOY, Jr.**

v.

**Richard P. ZULEY, et al.**

**No. 90 C 545.**

United States District Court,
N.D. Illinois, E.D.

Oct. 29, 1990.

Placido LaBoy, Jr., pro se.

Kelly R. Welsh, Corp. Counsel by Justin P. Erbacci, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

After plaintiff Placido LaBoy, Jr. was convicted of armed robbery and attempted criminal sexual assault, he filed this civil action against three Chicago police officers who were involved in his arrest. Asserting a variety of constitutional violations, LaBoy contends that he was unlawfully arrested and convicted. Defendants moved to dismiss LaBoy's complaint in its entirety. On October 4, 1990, 747 F.Supp. 1284, this court entered an order dismissing most of LaBoy's claims. LaBoy now seeks to vacate the October 4 order.

In his motion to vacate, LaBoy does not raise any new legal or factual issues warranting reconsideration of the order. Rather, LaBoy merely contends that he was deprived of the opportunity to present oral argument in opposition to defendants' motion to dismiss, and that this deprivation violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution. Contrary to LaBoy's position, there is no constitutional right to oral argument on a motion to dismiss. *See Fried v. Fried*, 113 F.R.D. 103, 106 n. 9 (S.D.N.Y.1986). Many federal judges, in fact, do not hear oral arguments on any motions. The local rules of the United States District Court for the Northern District of Illinois provide that it is within the court's discretion to allow oral argument on a motion. N.D.Ill.R. 12(q).

In any event, oral arguments were not necessary for a fair and proper resolution of defendants' motion to dismiss. This court fully considered the arguments raised in the briefs submitted by both sides. LaBoy simply has not presented any viable argument in support of the motion to vacate this court's prior ruling.

* The court has amended the caption by substituting Louis W. Sullivan for Otis R. Bowen as

Accordingly, LaBoy's motion to vacate the October 4, 1990 order is denied.