*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0440P (6th Cir.)
File Name: 03a0440p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 02-5783

JOSHUA BERRYHILL,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 01-00118—Curtis L. Collier, District Judge.

Argued: September 18, 2003

Decided and Filed: December 11, 2003

Before: BOGGS, Chief Judge; NORRIS and CLAY,
Circuit Judges.

---

**COUNSEL**

**ARGUED:** Lex A. Coleman, JOHNSON, MULRONNY &
COLEMAN, Chattanooga, Tennessee, for Appellant. Paul
W. Laymon, Jr., ASSISTANT UNITED STATES
ATTORNEY, Chattanooga, Tennessee, for Appellee.
**ON BRIEF:** Lex A. Coleman, JOHNSON, MULRONNY &
COLEMAN, Chattanooga, Tennessee, for Appellant. Paul

W. Laymon, Jr., ASSISTANT UNITED STATES
ATTORNEY, Chattanooga, Tennessee, for Appellee.

---

**OPINION**

---

ALAN E. NORRIS, Circuit Judge. Defendant Joshua
Berryhill appeals the denial of his motion to suppress
evidence seized from an apartment at which Berryhill was
present. Berryhill had been invited to the apartment by a
friend who was not the tenant. On appeal, he contends that
the district court erred in finding that he had no legitimate
expectation of privacy in the apartment. We affirm.[1]

The Fourth Amendment protects an individual from
unreasonable searches and seizures only where the individual
can show that: 1) "he manifested a subjective expectation of
privacy in the object of the challenged search[,]" and
2) "society is prepared to recognize that expectation as
legitimate." *United States v. Sangineto-Miranda*, 859 F.2d
1501, 1510 (6th Cir. 1988) (citing *California v. Ciraolo*, 476
U.S. 207, 211 (1986)). Fruits of unreasonable searches of
locations in which an individual can show an actual and
reasonable expectation of privacy will be suppressed. *Rakas
v. Illinois*, 439 U.S. 128, 143 (1978) (citing *Katz v. United
States*, 389 U.S. 347, 353 (1967)).

The district court made a factual finding that Berryhill had
not been invited to the apartment by its tenant. *United States
v. Berryhill*, No. 1:01-CR-118, slip. op. at 4 (E.D. Tenn. Feb.

---

[1]Because we affirm the district court's ruling that Berryhill lacked a
reasonable expectation of privacy, we do not reach the question of
whether the search was reasonable. In addition, because we conclude that
the district court did not rely upon hearsay testimony or upon Berryhill's
failure to testify at the suppression hearing, we do not address Berryhill's
challenges to the denial of suppression on those grounds.

20, 2002). Berryhill challenges this factual finding on appeal, but provides us with insufficient evidence to conclude that it was clearly erroneous. *United States v. Hurst*, 228 F.3d 751, 756 (6th Cir. 2000).

The district court found that Berryhill failed to meet his burden of showing that he had a reasonable expectation of privacy in the searched apartment, basing its conclusion on two grounds: first, that Berryhill did not intend to stay at the apartment overnight, and second, that he unreasonably relied upon a guest's invitation to enter the apartment given without the direct or indirect knowledge of the lawful tenant or owner. *Berryhill*, slip. op. at 4-5. We will address each basis in turn.

In *Minnesota v. Olson*, 495 U.S. 91 (1990), the Supreme Court determined that an overnight guest has a reasonable expectation of privacy in his host's home. *Olson*, 495 U.S. at 99. By contrast, a casual, transient visitor does not have a reasonable expectation of privacy in his host's home. *United States v. McNeal*, 955 F.2d 1067, 1070 (6th Cir. 1992). The district court found that it had no factual basis to conclude that Berryhill intended to spend the night at the searched apartment. *Berryhill*, slip op. at 5. This court reviews a district court's factual basis for a denial of a suppression motion for clear error. *Hurst*, 228 F.3d at 756.

Berryhill contends that the evidence supported his contention that he intended to stay at the apartment overnight. He points to testimony from the guest who invited him that they intended to stay overnight. However, Berryhill lacked any of the items one would expect an overnight guest to have with him. He carried no clothes or toothbrush; indeed, the only bag in his possession contained materials for manufacturing methamphetamines. The district court did not commit clear error in determining that Berryhill was not an overnight guest.

Berryhill also contends that the district court erred in finding that society was not "prepared to accept as reasonable

or legitimate an expectation of privacy based solely on an invitation to enter a residence by a guest without the direct or indirect knowledge of the lawful tenant or owner." *Berryhill*, slip op. at 4-5. He argues that the modern social custom of "crashing" at the residence of a friend of a friend demonstrates societal acceptance of his expectation of privacy. We review the district court's legal conclusions in denying a suppression motion *de novo*. *Hurst*, 228 F.3d at 756.

Berryhill cites no direct authority for the proposition that an individual staying at a residence at the invitation of a guest without the permission or knowledge of the lawful tenant or owner holds a reasonable expectation of privacy in the residence. He cites a passage from *Olson* in an attempt to demonstrate that the Supreme Court recognized his expectation of privacy to be reasonable:

> The houseguest is there with the permission of his host, who is willing to share his house and his privacy with his guest. It is unlikely that the guest will be confined to a restricted area of the house; and when the host is away or asleep, the guest will have a measure of control over the premises. The host may admit or exclude from the house as he prefers, but it is unlikely that he will admit someone who wants to see or meet with the guest over the objection of the guest. On the other hand, few houseguests will invite others to visit them while they are guests without consulting their hosts; but the latter, who have the authority to exclude despite the wishes of the guest, will often be accommodating.

*Olson*, 495 U.S. at 99. Berryhill interprets the last sentence of the foregoing passage to mean that those visitors who are invited to a residence by a houseguest have a reasonable expectation of privacy in the residence because the hosts "will often be accommodating." *Id*. However, the passage taken as a whole indicates that the reason a houseguest has a reasonable expectation of privacy is because he knows that

the host would respect his privacy, having obtained the host's permission to be at the residence. *Olson* cannot be taken for the proposition that guests' visitors can be assured that their privacy will be respected by the lawful owners or tenants of the residence. Berryhill does not dispute that he never received permission to stay at the apartment directly from its tenant; therefore, he could not be assured that his host would respect his privacy. Berryhill's expectation of privacy was not reasonable.

For the foregoing reasons, the order of the district court is **AFFIRMED**.