**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0533n.06

**No. 08-1522**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Aug 03, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **GREGORY J. PAPIERZ,** | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **SCOTT JACKSON; BRYAN ERGANG**, | ) | **O P I N I O N** |
| | ) | |
| *Defendants-Appellee*s. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**BEFORE: MOORE and WHITE, Circuit Judges; and OLIVER, District Judge.**[*]

**SOLOMON OLIVER, JR., District Judge.** Plaintiff-Appellant, Gregory J. Papierz ("Papierz"), appeals the order of the district court granting summary judgment in favor of Defendants-Appellees, Officer Scott Jackson ("Officer Jackson") and Sergeant Bryan Ergang ("Sgt. Ergang") (collectively, the "Officers"), on Papierz's 42 U.S.C. § 1983 action for an alleged violation of his Fourth Amendment right to be free from an unreasonable search. For the following reasons, we **AFFIRM** the decision of the district court.

**I. FACTUAL AND PROCEDURAL HISTORY**

---

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

On February 16, 2006, at around 10:00 p.m., Papierz was on his way to a bowling alley when he decided to stop at a friend's apartment to see if he wanted to accompany him. (Joint Appendix ("J.A.") at 131.) On his way there, Papierz stopped at a convenience store and purchased a Gatorade as well as a packet of herbal male enhancement pills. (*Id.*) After leaving the convenience store, Papierz drove to his friend's apartment. Both Officer Jackson and Sgt. Ergang were working separately on routine road patrol in Kalamazoo, Michigan that evening, when, according to the Officers, they observed Papierz's pick-up truck traveling with only its parking lights on and not the headlights. (J.A. at 48, 86.) The Officers signaled to him to stop. (*Id.*) Papierz pulled into his friend's driveway, and the Officers pulled in behind him. (J.A. at 49, 87, 132.) When Papierz got out of his vehicle, the Officers approached him and requested that he produce a driver's license. (J.A. at 51, 88, 133.) The Officers then contacted dispatch, who ran Papierz's name and date of birth through the Law Enforcement Information Network ("LEIN"). (J.A. at 51, 88.) The dispatcher informed the Officers that according to LEIN, Papierz had a suspended and expired license. (*Id.*)

Papierz thereafter consented to be searched by the Officers. According to the Investigation Report completed by the Officers, they found several pills in his left front pocket, which included the male enhancement pills, as well as what the Officers describe as an unknown pill in a clear plastic capsule. (J.A. at 108.) After completing this search, the Officers handcuffed Papierz and placed him in the back of a patrol car. (J.A. at 134.) They then searched his car but found nothing suspicious. They maintain, however, that they found several pills on the ground near Papierz's vehicle, which were identical to the unknown pill found in his pocket. (J.A. at 108.) Officer Jackson then drove to the local hospital, where a doctor allegedly identified the pills as Vicodin. (J.A. at 54.)

When Officer Jackson returned with this information, Sgt. Ergang read Papierz his *Miranda* rights, which he waived. (J.A. at 134-35.) Sgt. Ergang then began questioning him about the Vicodin allegedly found near his car. (J.A. at 90.) Papierz replied that the pills found on the ground were not his, but that he had a prescription for Vicodin due to a recent heart surgery. (J.A. at 135.) Papierz later admitted that he had a bottle of Vicodin in the truck during this incident, but maintained that the pills that the Officers allegedly found on the ground were not his. (J.A. at 133.)

While Sgt. Ergang continued to question Papierz, Officer Jackson approached Cameron Alger and his wife, Hollie, who lived nearby and were watching and videotaping the interaction between the Officers and Papierz. (J.A. at 57, 90.) Officer Jackson asked them if they observed Papierz throw narcotics on the ground. (J.A. at 57.) Officer Jackson admits that they responded that they saw the Officers plant the drugs on the ground, and the neighbors indicated to the Officers that they videotaped these actions. (J.A. at 57.) Sgt. Ergang also admits that he then lied to Papierz by telling him that the neighbors said that they saw him throw the pills on the ground and that they would testify against him to this effect. (J.A. at 90-91.) Consistent with the neighbors' account, Papierz maintained that the Vicodin on the ground did not belong to him. (J.A. at 227-28.)

After a forty-five minute investigation, the Officers issued Papierz a civil infraction for driving without his headlights on after dark. (J.A. at 155.) Upon releasing Papierz, the Officers advised him that they would continue to investigate the Vicodin issue as well as whether he was driving without a valid license. (J.A. at 93-94.) After the Officers consulted the township prosecutor about Papierz, they decided not to further investigate his alleged illegal possession of the Vicodin. (J.A. at 157.) They did, however, issue a modified citation to Papierz that added the misdemeanor

offense of driving with a suspended license. (J.A. at 160.) Papierz was not charged in connection with the Vicodin.

On February 2, 2007, Papierz filed the instant action in the United States District Court for the Western District of Michigan, asserting a claim for false arrest under state law as well as a claim under 42 U.S.C. §§ 1983 and 1985 for violations of his rights under the Fourth Amendment. (J.A. at 11.) In his Complaint, Papierz alleges that the Officers planted false evidence against him in an attempt to frame him for a crime he did not commit. (J.A. at 9.) He further alleges that he was arrested by the Officers without probable cause. (J.A. at 10.)

Thereafter, the Officers filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) or Alternatively, Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(c). (J.A. at 16.) The Officers sought dismissal of Papierz's Fourth Amendment claim on the grounds that the stop and frisk was reasonable pursuant to a valid stop and that the subsequent search of the car was valid because it was incident to his arrest. (J.A. at 31.) In addition, they noted that Papierz gave his consent to the search of his person. (*Id.*) They further argued that even if they conducted an unreasonable search of Papierz, they were entitled to qualified immunity. (J.A. at 39.) Lastly, they sought dismissal of Papierz's state law claim for false arrest, as the Officers had probable cause to arrest him based on the two misdemeanor traffic offenses that were discovered during the traffic stop. (J.A. at 41.) In his response to the Motion, Papierz withdrew his false arrest claim under state law, conceding that the facts did not support this claim. (J.A. at 219.)

The district court then held a motion hearing regarding the remaining issues. (J.A. at 229.) At this hearing, Papierz's counsel emphasized that he was not contesting the legality of the stop,

arrest, and search of his car. (J.A. at 242.) He also noted that "[t]his is a search case. It's not a seizure case." (*Id*.) Counsel clarified that Papierz was alleging that an unreasonable search occurred when the Officers planted the Vicodin on the ground outside of Papierz's car. (J.A. at 245.)

After hearing the arguments of the parties, the district court first stated on the record that the Officers' *Terry* stop was proper as well as the Officers' arrest of Papierz and subsequent search of his car. The court found that the Officers clearly had probable cause based on their reasonable belief that he committed two arrestable misdemeanors under Michigan law, driving without a valid license and driving at night without headlights. The court noted, however, that it did not need to make such a ruling as Papierz was not contesting the traffic stop, arrest, or search of his car incident to his arrest. (J.A. at 255-56.)

The court then held that framing a citizen with planted evidence when the charge does not actually "come to fruition" is not a constitutional violation under either the Fourth or Fourteenth Amendment. (J.A. at 258.) The court further found that had the framing actually "come to fruition," the Fourth Amendment still would not be implicated as there is no right under this Amendment for a citizen to be free from an attempt on the part of police officers to frame him. (*Id.*) Instead, it would be a violation of his due process rights under the Fourteenth Amendment. (J.A. at 258.)

Lastly, the court held, in the alternative, that qualified immunity protected the Officers from liability. (J.A. at 261.) Specifically, he found that, even if the Officers' actions did constitute a violation under the Fourth Amendment, this right was not clearly established. (J.A. at 262.) The court emphasized that police have great discretion in "their ability to use ruses, to use and lie to citizens . . . [to] try to escalate what they think they have on a person." (J.A. at 259). Based on this

-5-

analysis, the court granted summary judgment in favor of the Officers. (J.A. at 14.) Papierz timely

appealed the district court's Order, arguing that the trial court erred in its ruling with regard to the

Fourth Amendment and qualified immunity.

## II. STANDARD OF REVIEW

A district court's decision to grant a motion for summary judgment is subject to *de novo*

review. *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 361 (6th Cir. 2001). Summary judgment

is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with any affidavits show that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c);

*LaPointe v. UAW Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).

## III. LAW AND ANALYSIS

The facts at issue here are distinguishable from a typical case involving a police officer

accused of planting false evidence. Generally, police officers are accused of planting evidence on

a victim as a basis to arrest the victim and/or to charge him with an offense connected to the planted

evidence. The victims then typically challenge the constitutionality of the arrest or the charges

brought in connection with the planted evidence. *See, e.g., Spurlock v. Satterfield*, 167 F.3d 995,

1005 (6th Cir. 1999); *LaBoy v. Zuley*, 747 F. Supp. 1284, 1286-89 (N.D. Ill. 1990) (finding that

plaintiff could pursue a Section 1983 claim under the Fourth and Fourteenth Amendment against

officers who allegedly planted false evidence in order to arrest and prosecute the victim); *see also*

*United States v. Epley*, 52 F.3d 571, 576 (6th Cir. 1995) (holding that where officers planted

evidence on victim as a means to arrest and charge him, the officer violated his Fourth Amendment

right to be free from seizure without probable cause and due process rights to be free from false arrest and having false evidence presented against him).

Here, however, Papierz was not charged in connection with the allegedly planted Vicodin and does not challenge his arrest. He also concedes that the Officers had a basis to conduct a search of his car and his person. Papierz, instead, contends that the Officers conducted an unreasonable search under the Fourth Amendment by planting false evidence. The court, therefore, is presented with the limited issue of whether the Officers' purported conduct of planting Vicodin on the ground, in a public place near Papierz's car without charging him or arresting him for any crime related to the drugs, gives rise to an unreasonable search in violation of the Fourth Amendment. We find that these particular circumstances do not.

The Fourth Amendment reads as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend IV. It is well-settled that the Fourth Amendment protects against unreasonable intrusions into areas where one has a reasonable expectation of privacy. *See, e.g., Katz v. United States*, 389 U.S. 347, 360 (1967); *Widgren v. Maple Grove Twp.*, 429 F.3d 575, 578 (6th Cir. 2005); *United States v. Hopper*, 58 F. App'x 619, 623 (6th Cir. 2003) ("The touchstone of Fourth Amendment analysis is whether a person has a constitutionally protected, reasonable expectation of privacy.") (citation omitted). The Sixth Circuit has held that "[a]n individual may only claim the protection of the Fourth Amendment if he has a legitimate expectation of privacy in the premises

being searched." *United States v. Stuckey*, 253 F. App'x 468, 479 (6th Cir. 2007) (citing *Katz*, 389 U.S. at 347).

In the instant case, Papierz's claim fails initially upon analysis of the language of the Fourth Amendment itself, as the Officers' conduct of planting drugs on the ground in a public place did not involve any intrusion of Papierz's person, home, papers, or effects. *See* U.S. Const. amend IV. This conclusion that no Fourth Amendment violation occurred is further supported by case law construing the bounds of the Fourth Amendment. The Sixth Circuit has established that a person does not have a reasonable expectation of privacy while on a friend's property, in which the person is merely a short-term visitor. *See United States v. Berryhill*, 352 F.3d 315, 317 (6th Cir. 2003) ("[A] casual, transient visitor does not have a reasonable expectation of privacy in his host's home."). Papierz was merely stopping by a friend's apartment to see if the friend wanted to accompany him to the bowling alley and had no reasonable expectation of privacy in the driveway of his friend's apartment. Furthermore, this Circuit has held that a person also lacks a reasonable expectation of privacy in items laying in the public's view. *See United States v. McClendon*, 86 F. App'x 92, 94-95 (6th Cir. 2004) (discussing *United States v. Oswald*, 783 F.2d 663 (6th Cir. 1986) and *United States v. Rumph*, No. 97-3135, 1998 U.S. App. LEXIS 9584 (6th Cir. May 8, 1998)). The drugs, in this case, were purportedly placed openly on the ground, available for public view. Thus, the Officers' purported conduct did not invade Papierz's reasonable expectation of privacy.

The court emphasizes, however, that this holding with regard to the Fourth Amendment is limited to the particular circumstances of the instant case. While the Officers have broadly argued that a person never has a reasonable expectation of privacy under the Fourth Amendment in

circumstances where an officer plants evidence on one's person or effects but does not arrest or charge the person as a result, we need not address this issue.

At oral argument, the parties discussed at length whether the Officers' purported conduct gave rise to other constitutional violations. This issue, however, is beyond the scope of the instant action. As provided in the Complaint and as Papierz has repeatedly conceded throughout the course of this litigation, Papierz pursued a claim under only the Fourth Amendment for an unreasonable search. While counsel for Papierz at oral argument formally requested leave to amend the Complaint to add a due process claim, we deny this request as Papierz had ample time and opportunity to do so before the district court. Accordingly, the district court did not err in concluding that no Fourth Amendment violation for an unreasonable search occurred.

Papierz also objects to the court's ruling that the Officers were entitled to qualified immunity. Because Papierz's Section 1983 claim fails under the Fourth Amendment, we find it unnecessary to reach the issue of qualified immunity.

## IV. CONCLUSION

We **AFFIRM** the district court's order granting summary judgment in favor of Defendants-Appellees on Plaintiff-Appellant's Section 1983 claim under the Fourth Amendment. Because Plaintiff-Appellant's claim fails on the merits, we decline to reach the issue of qualified immunity.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I write separately to express my concern regarding the police officers' alleged conduct in this case. Although the unique circumstances of this case prevent us from reaching the issue, I believe that police officers act unreasonably when they plant evidence and that such behavior raises constitutional issues.